**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company, | § § § § | |
| Plaintiff, | § § § | Case No. 4:26-cv-05000 |
| v. | § § | |
| INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals, | § § § § § § § § § § § § | |
| Defendants. | § § | |

**INNO HOLDINGS INC.'S AND DING WEI'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 2, 2026 ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO SHORTEN THE TIME TO RESPOND TO DISCOVERY**

Defendants Inno Holdings Inc. ("Inno Holdings") and Ding Wei (collectively, the "Inno Holdings Defendants") file this Motion for Reconsideration of the Court's July 2, 2026 Order (the "Discovery Order," ECF No. 23) granting Plaintiff Kingbird Ventures LLC's ("Kingbird") motion for expedited discovery and to shorten the time for Inno Holdings to respond to Kingbird's discovery demands (the "Expedited Discovery Motion," ECF No. 21).

**INTRODUCTION**

On June 24, 2026, Kingbird filed its Verified Complaint, motion for a temporary restraining order ("TRO"), motion for a preliminary injunction, and motion to expedite discovery. *See* ECF Nos. 1, 2. Kingbird's Complaint asserts claims for violations of the Securities Exchange Act of 1934, civil conspiracy, and fraud under Texas's Deceptive Trade Practices-Consumer

1

Protection Act. *Id.* Because the Complaint asserts federal securities law claims, it is governed by the Private Securities Litigation Reform Act ("PSLRA"), which, among other things, imposes (a) an automatic stay of all discovery in this action until after the Complaint has "withstood a motion to dismiss," *see In re Odyssey Healthcare, Inc.*, No. CIV.A.3:04-CV-0844-N, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005), and (b) heightened pleading standards, 15 U.S.C. § 78u-4(b)(1)-(2).

On June 25, 2026, the district court granted the *ex parte* motion for a TRO and referred the remaining motions to this Court. *See* ECF No. 6. On June 29, 2026, the Inno Holdings Defendants filed an emergency motion to modify the TRO given its broad scope and paralyzing effects on, among other things, the company's ordinary business operations and ability to use existing assets to defend itself in this lawsuit. ECF No. 9. That motion is pending.

On July 2, 2026, Kingbird filed another emergency motion for entry of a protective order regarding third-party subpoenas, ECF No. 20, as well as the motion at issue here—the Expedited Discovery Motion, an emergency motion to shorten the time for Inno Holdings to respond to Plaintiff's interrogatories and document demands. Remarkably, Kingbird's Expedited Discovery Motion failed even to acknowledge the existence of the PSLRA's automatic discovery stay, much less to address the heavy burden that the PSLRA places upon a plaintiff seeking relief from the automatic stay. *See In re Cassava Scis., Inc. Sec. Litig.*, No. 1:21-CV-00751-DAE, 2023 WL 28436, at *2 (W.D. Tex. Jan. 2, 2023) ("The movant bears the burden to show the stay should be lifted. The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one.") (internal quotation marks & citations omitted). And, while the Expedited Discovery Motion cited Rule 26, it failed meaningfully to address the standard for expedited discovery under Rule 26.

Within hours after Kingbird filed its Expedited Discovery Motion—and before Inno Holdings had an opportunity to be heard in response—this Court granted Kingbird's Expedited Discovery Motion, authorized Kingbird to serve its discovery requests, and ordered Inno Holdings to respond to them within seven days (the "Discovery Order," ECF No. 23). Given Kingbird's failure to mention the governing legal standard under the PSLRA, the Discovery Order understandably did not address the automatic stay of discovery or the heavy burden for lifting that stay. With respect to the standard for expedited discovery under Rule 26, the Court stated that it found "good cause under Federal Rules of Civil Procedure 26(d)(3) and 33(b)(4) to allow the parties to engage in discovery prior to their Rule 26(f) conference and to shorten the usual 30-day period for discovery responses because Plaintiff is seeking expedited injunctive relief." ECF No. 23.[1]

The Inno Holdings Defendants respectfully request that this Court reconsider what amounted to an *ex parte* order because the Discovery Order does not satisfy the governing legal standard under the PSLRA or Rule 26, and the Inno Holdings Defendants did not have any opportunity to be heard before it was issued. For the reasons set forth below, the Court should grant this Motion, vacate its Discovery Order, and deny Kingbird's Expedited Discovery Motion.[2]

---

[1] Following the Discovery Order, Kingbird promptly served its First Set of Interrogatories and Requests for Production referenced in the Discovery Order.  It has *also* since served nine notices of subpoena for which it intends to serve and demand responses by an extremely expedited deadline (by July 14, 2026), despite the Court's Discovery Order granting Kingbird no authority to do so.

[2] The Inno Holdings Defendants do not take issue with the section of the Discovery Order requiring that any discovery responses be governed by a protective order. While the discovery requests should not be issued for the reasons explained in this motion, the Inno Holdings Defendants agree with Kingbird that the information sought—i.e., stock-loan and securities lending data—are sensitive categories of information that require confidentiality. The Inno Holdings Defendants are submitting with this opposition their own proposed protective order in response to Kingbird's motion for entry of an order, however, because Kingbird's proposed order is slanted and omits important provisions. Ex. A (clean proposed protective order); Ex. B (redline proposed protective order showing revisions to Kingbird's proposed version).

## GOVERNING LEGAL STANDARDS

**A.    This Court may reconsider and correct its Discovery Order.**

The Discovery Order is an interlocutory order and, as such, is one that the "court [is] free to reconsider and reverse . . . for any reason it deems sufficient." *Zarnow v. City of Wichita Falls,* 614 F.3d 161, 171 (5th Cir. 2010) (quotations and citation omitted). Because the Discovery Order was issued incorrectly, and without an opportunity for Inno Holdings to be heard, there exists a compelling reason for the Court to exercise that absolute discretion to reconsider its own decision.

**B.    Kingbird's request for expedited discovery must overcome the PSLRA's discovery stay and Rule 26's good cause standard.**

Because Kingbird asserts federal securities law claims, this case is governed by the PSLRA. *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003). The PSLRA provides for an automatic stay of discovery until decision on a motion to dismiss, "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *In re Cassava Scis., Inc. Sec. Litig.*, 2023 WL 28436, at *2 ("To meet their burden to lift the automatic discovery stay under the PSLRA, Plaintiffs must prove either that the requested discovery is needed to (1) preserve evidence or (2) prevent undue prejudice."). Congress enacted this provision "to prevent costly extensive discovery and disruption of normal business activities until a court could determine whether a filed suit had merit, by ruling on the defendant's motion to dismiss." *Newby*, 338 F.3d at 471 (quotations omitted); *see, e.g.*, *Newby v. Enron Corp.*, 188 F. Supp. 2d 684, 709 (S.D. Tex. 2002) (Rosenthal, J.) ("[T]his provision has been interpreted to mean that discovery is stayed from the filing of the complaint *until* the court has determined the sufficiency of the plaintiff's pleading, unless the plaintiff can establish one of the exceptions.").

Kingbird's requested discovery is not designed to preserve evidence, so Kingbird must establish the requisite "undue prejudice" to overcome the PSLRA's automatic discovery stay. And that requires Kingbird to make "some showing of prejudice which is above and beyond the prejudice which a party suffers simply from being denied access to discovery materials early in a case." *Ross v. Abercrombie & Fitch*, No. 2:05CV0819, 2006 WL 2869588, at *2 (S.D. Ohio Oct. 5, 2006). "The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one." *In re Fannie Mae Sec. Litig.*, 362 F.Supp. 2d 37, 38 (D.D.C. 2005); *see also In re Cassava Scis.*, 2023 WL 28436, at *2 (same).

In addition, because Kingbird seeks discovery before the Rule 26(f) conference, it "must show 'good cause.'" *CTCOA, LLC v. NSL Holdings, Inc.*, Civ. No. 22-03297, 2022 WL 19978294, at *3 (S.D. Tex. Sept. 30, 2022). In determining whether good cause exists, courts consider "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 238, 239 n.4 (S.D. Tex. 2011) (denying the plaintiff's motion for expedited discovery).

### ARGUMENT

This Court erred in granting Kingbird's Expedited Discovery Motion because the PSLRA mandates an automatic stay of discovery unless and until the Court denies the Inno Holdings Defendants' forthcoming motion to dismiss, and Kingbird has failed to satisfy both the narrow exceptions to the discovery stay and the good cause standard for the expedited discovery that it seeks. The Court should vacate its Discovery Order and deny the Expedited Discovery Motion.

**I.**      **The PSLRA bars discovery absent exceptions that Kingbird did not even acknowledge, much less try to meet.**

As a threshold matter, this Court should vacate its Discovery Order because the PSLRA's automatic stay of discovery applies, and Kingbird has not overcome it.

Kingbird's Complaint asserts claims for supposed violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder (Count One), Section 9(a) of the Exchange Act (Count Two), and Section 18 of the Exchange Act (Count Three). ECF No. 1. The PSLRA and its automatic stay of discovery indisputably apply to those claims. 15 U.S.C. § 78u-4(b)(3)(B) (applying "stay of discovery" to "any private action arising under this chapter").

The Inno Holdings Defendants deny the material allegations asserted against them in the Complaint and intend to file a motion to dismiss pointing out the woeful deficiencies in the pleaded claims. On top of the stark "group pleading" deficiencies and failure to plead fraudulent misconduct and scienter required by Rule 9(b) and the PSLRA as to Inno Holdings and Mr. Wei specifically, the Complaint contains a host of categorical legal defects. Among other things:

- The Section 10(b) claim fails to plead (1) that the single specifically challenged statement was false or misleading, given that the document containing that challenged statement attaches an exhibit *revealing the purportedly concealed truth* (of the subsidiary's involvement in the AI transaction), and (2) reliance, given that Kingbird cannot invoke the presumption of reliance because it has affirmatively disclaimed any reliance on the integrity of the market price.

- Whether as a matter of damages or reliance, the "deception [in a market manipulation claim] arises from the fact that investors are misled to believe that *prices* at which they purchase and sell securities are determined by the natural interplay of supply and demand, not rigged by manipulators." *In re Citigroup Auction Rate Sec. Litig.*, 700 F. Supp. 2d 294, 306 (S.D.N.Y. 2009) (alteration in original & emphasis added) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100 (2d Cir. 2007)). But Kingbird alleges the exact opposite—that it entered into a market it believed was being manipulated, and its claimed injury therefore has nothing to do with purchasing at an allegedly manipulated price. *See* 15 U.S.C § 78i(f) (requiring Plaintiff to have "purchase[d] or s[old] any security at a price which was affected by such act or transaction").

- Section 18 claims require "eyeball reliance"—i.e., that Kingbird actually read the complained-of SEC filing, *Gross v. Diversified Mortg. Inv'rs*, 438 F. Supp. 190, 195 (S.D.N.Y. 1977)—which Kingbird does not claim.

- The Texas DTPA applies only to claims involving "goods" and "services," and securities transactions are neither under Fifth Circuit and Texas law. *Fed. Dep. Ins. Corp. v. Munn*, 804 F.2d 860, 863-64 (5th Cir. 1986) (collecting cases).

- Civil conspiracy is not an "independent tort" under Texas law and fails without a viable underlying tort. *Agar v. Electro Circuits Int'l*, 580 S.W.3d 136, 143 (Tex. 2019).

These are but a sample of the problems that the Inno Holdings Defendants' motion to dismiss will fully address. Unless and until the Court denies that motion, the PSLRA's automatic stay of discovery applies. *Newby*, 188 F. Supp. 2d at 709.

Kingbird's Expedited Discovery Motion does not even grapple with the *existence* of the PSLRA's stay, much less argue that one of the exceptions to the automatic stay applies or attempt to carry its burden of proving so. Accordingly, the Court must vacate its Discovery Order and deny Kingbird's Expedited Discovery Motion.

## II.    No good cause exists for the expedited discovery that Kingbird demands.

Additionally, this Court should vacate its Discovery Order because Kingbird has not demonstrated that good cause exists for what amounts to invasive discovery designed to give an admitted short-seller access to material nonpublic information about Inno Holdings under the guise of seeking information about Inno Holdings' TRO compliance, even though no showing whatsoever has been made that Inno Holdings is not complying. On the contrary, the fact that Inno Holdings has asked for relief from the TRO's asset freeze so that Inno Holdings can pay its employees and the undersigned counsel to defend it in this case shows that Inno Holdings takes the TRO very seriously and is in compliance.

In support of the Expedited Discovery Motion, Kingbird argues, without any proof or supporting declaration, that (1) it will suffer financial hardship absent the discovery, (2) prompt

7

discovery serves the public interest because this case allegedly involves potential ties to a criminal enterprise, and (3) its request is narrowly tailored and seeks only documents and information related to Inno Holdings' efforts to resolve the T12 Halt. As explained in the Inno Holdings Defendants' contemporaneously filed motion to dissolve the TRO, Kingbird's arguments rest on flawed logic and baseless allegations supported by a so-called "expert" whose only expertise appears to be in peddling hearsay. For starters, the harm that Kingbird claims to be suffering stems from fees that Kingbird is paying to its own brokers, not Inno Holdings, which did not initiate the T12 Halt, has nothing to do with the conspiracy theory on which the entire Complaint rests, and has no control over Nasdaq. Mot. to Dissolve TRO & Opp. to Mot. to Extend TRO, Wei Decl. ¶ 35. Likewise, Kingbird's argument that prompt discovery serves the public interest rests entirely on the baseless—indeed, libelous—claim that Inno Holdings is engaged in a criminal enterprise. *See id*. ¶¶ 23, 34. And far from being narrowly tailored to something Kingbird is entitled to discover, the discovery requests are a thinly veiled attempt to obtain material nonpublic information that no market participant—and certainly not a short-seller—has any right to obtain.

Although Kingbird failed to address the five Rule 26 factors set forth in *St. Louis Group.*, *see* 275 F.R.D. at 239, proper application those factors demonstrates that the Discovery Order must be vacated.

First, no preliminary injunction is pending. Although the district court granted Kingbird's *ex parte* TRO, Inno Holdings has filed an emergency motion to vacate that TRO, and no preliminary injunction hearing has been scheduled. Given the pendency of that motion (among others), and because the balance of the equities plainly favors the Inno Holdings Defendants— particularly where Kingbird continues to insist that it is suffering the alleged irreparable harm even though the TRO it requested was issued—this factor weighs heavily against Kingbird.

Second, Kingbird's requests are broader than it lets on.[3] Under the guise of seeking information about TRO compliance, Kingbird seeks material nonpublic information that no market participant should have, much less a professed short-seller. Inno Holdings already has made a public filing detailing its current dealings with Nasdaq as it relates to the T12 Halt, and no basis exists to provide Kingbird with more. Kingbird certainly has not explained why it is entitled to more than the securities laws require Inno Holdings to disclose about its business.

Third, Kingbird has not articulated an adequate purpose for the discovery or the need to shorten Inno Holdings' time to respond to it. Kingbird argues that discovery into Inno Holdings' communications with Nasdaq, among other requests, are "critical to determining whether Defendants are complying with the spirit and letter of the TRO and to ensure prompt compliance with Nasdaq requirements," and claims that it is unable to "close its position" without that discovery. ECF No. 21, at 2–3, 4. Those arguments are meritless. One, Kingbird has not filed a motion for contempt or to compel the Inno Holdings Defendants to comply with the TRO, and for good reason—there is *zero basis* for questioning the Inno Holdings Defendants' compliance, particularly when they have already demonstrated that they are complying with the TRO by filing a motion seeking relief from it to do something that should not be controversial—paying payroll and rent and retaining lawyers to defend them in this very lawsuit. Two, Kingbird's (baseless) claims do not create some right to police Inno Holdings' interactions with Nasdaq, and Kingbird has not cited a single authority demonstrating that good cause exists for expedited discovery into TRO and Nasdaq compliance under these circumstances (or anything remotely close to them). Three, the notion that the discovery will somehow enable Kingbird to "close out its position" is

---

[3] This is especially so in light of Kingbird having already served nine notices of subpoena beyond the scope of the Discovery Order, which seek far-ranging information from brokers and regulators alike. *See* Ex. C (Kingbird's subpoena notices).

both an improper purpose for expedited discovery and nonsensical. Regardless of whether it receives the requested discovery, Kingbird would not be able to "close its position" unless and until Nasdaq chooses to lift the halt—something that is up to Nasdaq to do. Accordingly, Kingbird's discovery requests go far beyond what is permissible, especially at this early stage of the litigation, and it has not demonstrated a need for the information on an expedited basis.

Fourth, the burden on the Inno Holdings Defendants of responding to the requests is inordinately high. Kingbird has taken a shock-and-awe approach to this litigation, battering the Inno Holdings Defendants with emergency and expedited filings and leaving them with no or woefully inadequate time to respond. The *ex parte* TRO that Kingbird obtained never should have been issued. It is premised on claims that will not survive a motion to dismiss, and it is harming Inno Holdings with each passing day. The Inno Holdings Defendants deserve to spend this time continuing to engage with Nasdaq, responding to Kingbird's avalanche of motions, and preparing for the critical July 7 hearing and, presumably, a preliminary injunction hearing in short order. It should not have to also be preparing document productions and interrogatory responses to which Kingbird has demonstrated no entitlement.

Finally, the timing factor also weighs against Kingbird. This case has been on file for less than two weeks, a motion to vacate the TRO is pending, the PSLRA's automatic stay of discovery applies, and Kingbird has not demonstrated a genuine need or basis for the information at this early stage. *See Dragon Stone Energy Ltd. v. Binder Sci., LLC*, Civ. No. H-23-2721, 2023 WL 6536155, at *5–6 (S.D. Tex. Aug. 28, 2023) (denying request for expedited discovery, despite parties' "content[ion] that the fact they are alleging civil fraud entitle[d] it to expedited discovery"); *Landry's, LLC v. Landry Distilling Inc.*, No. 1:23-CV-00571-RP, 2023 WL 7190726, at *2 (W.D. Tex. Nov. 1, 2023) ("Where a case is 'still in its infancy,' . . . the fifth factor weighs against

granting expedited discovery." (quoting *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-CV-350, 2016 WL 3747222, at *5 (E.D. Tex. July 13, 2016))).

In short, Kingbird has not demonstrated a need for expedited discovery or to shorten the response time at this stage of the proceedings, especially in light of the pending motion to vacate the TRO. The Court should reconsider and vacate its Discovery Order.

**CONCLUSION**

For the reasons set forth, the Inno Holdings Defendants respectfully request that the Court grant this Motion, reconsider and vacate its Discovery Order, and deny Kingbird's Expedited Discovery Motion.

Respectfully submitted,

*OF COUNSEL:*
David D. Sterling
S.D. Tex. No. 07079
Texas Bar No. 19170000
Anthony J. Lucisano
S.D. Tex. No. 3369146
Texas Bar No. 24102118
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
david.sterling@bakerbotts.com
anthony.lucisano@bakerbotts.com

BAKER BOTTS L.L.P.


By*: /s/ Amy Pharr Hefley*
    Amy Pharr Hefley
     *Attorney-In-Charge*
    S.D. Tex. No. 870378
    Texas Bar No. 24046046
    910 Louisiana Street
    Houston, Texas 77002
    (713) 229-1270
    (713) 229-2770 (Fax)
    amy.hefley@bakerbotts.com


MCCARTER & ENGLISH, LLP

    Joseph R. Scholz (pro hac forthcoming)
    Scott Weingart (pro hac forthcoming)
    Four Gateway Center
    100 Mulberry St.
    Newark, NJ 07102
    973.639.6999
    973.624.7070 (Fax)
    jscholz@mccarter.com
    sweingart@mccarter.com

**Attorneys for Defendants Inno Holdings
Inc. and Ding Wei**

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 3, 2026, I emailed Plaintiff's counsel to confer regarding the relief requested in this motion, and on July 6, 2026, Plaintiff's counsel confirmed that Plaintiff is opposed.

*/s/ Anthony J. Lucisano*
Anthony J. Lucisano


## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026 a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Amy Pharr Hefley*
Amy Pharr Hefley