# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company, | § § § § | |
| Plaintiff, | § § | Case No. 4:26-cv-05000 |
| v. | § § | |
| INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals, | § § § § § § § § § § § | |
| Defendants. | § § | |

**PROTECTIVE ORDER**

Upon consideration of Plaintiff's Motion for Entry of Protective Order, Defendants' proposed modifications thereto, the record before the Court, and for good cause shown, the Court finds that entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) is necessary and appropriate to protect the confidentiality of materials that may be produced in discovery in this action.

**IT IS THEREFORE ORDERED that:**

1.     **Scope**: This Protective Order shall govern all documents, electronically stored information, testimony, and other materials produced or disclosed in this action, whether by parties or non-parties, that are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the terms set forth herein. This Order applies to all discovery,

including but not limited to responses to interrogatories, requests for production, requests for admission, depositions, and subpoenas duces tecum served on any non-party

2. **Definitions**

(a) **"Confidential"** means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

(b) **"Highly Confidential – Attorneys' Eyes Only"** means a subset of Confidential information that the producing party or non-party reasonably and in good faith believes is so sensitive that disclosure to persons other than those identified in Paragraph 5(b) would cause substantial harm. This designation is reserved for the most sensitive materials, including but not limited to: (i) identities of ultimate beneficial owners or lenders of Inno Holdings Inc.'s shares; (ii) specific fee-calculation algorithms or rate-setting methodologies; (iii) sensitive personal information; and (iv) other materials the Court, upon motion, determines warrant the highest level of protection.

3. **Designation Procedures:** A producing party or non-party may designate materials as Confidential or Highly Confidential – Attorneys' Eyes Only by stamping or otherwise marking each page with the appropriate legend (e.g., "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). For native electronic files, the designation may be made in the file name or by cover

2

letter identifying the production as protected under this Order. Deposition testimony may be designated on the record or by written notice within 14 days after receipt of the transcript.

4.    **Non-Party Production and Court-Ordered Disclosure:** Notwithstanding any confidentiality agreement, non-disclosure agreement, master securities lending agreement, or other contractual, fiduciary, or legal obligation to the contrary, any non-party that receives a subpoena duces tecum issued in this action may produce responsive documents, electronically stored information, and testimony in accordance with this Protective Order. Such production shall be deemed court-ordered disclosure and shall not constitute a breach, violation, or waiver of any confidentiality obligation, privilege, or other legal duty. The producing non-party shall be entitled to all protections afforded by this Order, including the right to designate materials as Confidential or Highly Confidential – Attorneys' Eyes Only. This provision is intended to preemptively authorize and protect compliance by any non-party served with discovery requests in this action.

5.    **Access and Use Restrictions:**

(a)    **Confidential Materials**: Materials designated Confidential may be disclosed only to: (i) counsel of record for the parties and their staff; (ii) in-house counsel with responsibility for this matter who have signed the undertaking attached as Appendix A; (iii) retained experts and consultants who have signed the undertaking; (iv) the Court and its personnel; (v) court reporters and videographers; and (vi) witnesses at deposition or trial who have signed the undertaking or are otherwise bound by this Order.

(b)    **Highly Confidential – Attorneys' Eyes Only Materials.** Materials designated Highly Confidential – Attorneys' Eyes Only may be disclosed only to: (i) outside

3

counsel of record and their staff; (ii) retained experts who have signed the undertaking and whose access is necessary for the prosecution or defense of this action; (iii) the Court and its personnel; and (iv) court reporters. Such materials shall not be disclosed to the parties themselves, in-house counsel, or any other person without prior written consent of the producing party or further order of the Court.

(c) **Use Limitation:** All protected materials shall be used solely for purposes of this litigation and for no other purpose, including any business, competitive, or regulatory purpose unrelated to this action.

6. **Filing Under Seal:** Any document containing or attaching protected materials that is filed with the Court shall be filed under seal in accordance with Southern District of Texas Local Civil Rules and any applicable standing order governing sealed filings. The filing party shall file a motion to seal concurrently with or promptly after the sealed filing, identifying the specific basis for sealing and the duration requested.

7. **Challenges to Designations:** Any party may challenge a confidentiality designation by providing written notice to the designating party or non-party, identifying the specific materials and the basis for the challenge. The designating party or non-party shall have seven days to respond. If the parties cannot resolve the dispute, the challenging party may file a motion with the Court. The burden of demonstrating that the designation is proper rests with the designating party or non-party. Pending resolution, the materials shall retain their designated status.

8. **Inadvertent Production and Clawback:** Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any document or information that is subject to a claim of

4

attorney-client privilege, work-product protection, or any other privilege or protection shall not constitute a waiver of such privilege or protection. Upon written notice from the producing party or non-party, the receiving party shall promptly return, sequester, or destroy the inadvertently produced material and all copies, and shall not use or disclose the material until the claim is resolved. This provision applies to all productions in this action, whether by parties or non-parties.

9.      **Return or Destruction:** Within 60 days after the final termination of this action (including any appeals), each party and non-party shall, upon written request of the producing party or non-party, return or destroy all protected materials in its possession, custody, or control, and certify in writing that such return or destruction has been completed. Counsel of record may retain one copy of any protected material that has been filed with the Court or used as an exhibit at deposition or trial, subject to the continuing obligations of this Order.

10.      **No Waiver of Confidentiality:** A failure to designate information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time of production shall not constitute a waiver of the right to later designate such information, provided that the producing party or non-party promptly, upon discovery of the failure, notifies the receiving party in writing that the information is confidential and was inadvertently produced without a designation. Such notification shall constitute a designation of the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as applicable. At the time of notification, arrangements shall be made for the designating party or non-party to mark the information in accordance with this Protective Order and to provide replacement copies with the proper designation. The receiving party shall destroy or return all originals and any copies of the improperly marked information within ten (10) days of receiving the replacement copies. No

producing party or non-party may hold a receiving party accountable for any use or disclosure of the information prior to receipt of the written notification of designation.

11.    **Survival:** The obligations imposed by this Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by further Order of the Court or written agreement of the parties.

12.    **Modification:** This Protective Order may be modified by written agreement of the parties or by further order of the Court upon good cause shown. Nothing in this Order shall prejudice any party's right to seek additional or different protection for particular materials.

**IT IS SO ORDERED**.

Signed this _____ day of July 2026.

_____
**CHRISTINA A. BRYAN**
UNITED STATES MAGISTRATE JUDGE

**APPENDIX A**

**UNDERTAKING OF _____ REGARDING PROTECTIVE ORDER**

I, _____, declare under penalty of perjury under the laws of the United States of America that:

1.  I have read and understand the Protective Order entered in the above-captioned action on _____, 2026 (the "Protective Order").

2.  I agree to be bound by and comply with all terms of the Protective Order, including the restrictions on use and disclosure of Confidential and Highly Confidential – Attorneys' Eyes Only materials.

3.  I acknowledge and agree that I am aware that by receiving Designated Material: (a) I may be receiving material non-public information about companies that issue securities; and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

4.  I understand that any violation of the Protective Order may result in sanctions, including contempt of court, and may expose me to civil liability.

5.  I consent to the jurisdiction of the United States District Court for the Southern District of Texas for purposes of enforcing the Protective Order.

Executed on _____, 2026.


_____
Signature

_____
Printed Name

_____
Title/Position

_____
Employer/Firm

_____
Address