# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company, | § § § | **CASE NUMBER 4:26-CV-5000** |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals, | § § § § § § § § § | |
| *Defendants.* | § | |

**NOTICE OF SUBPOENA OF AC SUNSHINE SECURITIES LLC,**
<u>**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**</u>

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, **AC Sunshine Securities LLC** ("**Sunshine**") is being subpoenaed to produce documents by **July 14, 2026, at 6:00 P.M. CT**. Plaintiff Kingbird Ventures, LLC ("Kingbird") commands **Sunshine** to produce documents at Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, Texas 75201 or via digital service to Kingbird's counsel of record Tiffany H. Eggers at TEggers@dykema.com. The documents to be produced are identified in Attachment A to the attached Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action ("Document Subpoena").

Dated this 5th day of July 2026.          **DYKEMA GOSSETT PLLC**

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Attorney in Charge for Plaintiff
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: (214) 462-6400/ F: (214) 462-6401
TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, a true and correct copy of the foregoing document was emailed to Defendants Inno Holdings and Ding Wei's counsel at amy.hefley@bakerbotts.com, jim.beha@bakerbotts.com, anthony.lucisano@bakerbotts.com, david.sterling@bakerbotts.com.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:26-CV-5000 |
| INNO HOLDINGS INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

AC Sunshine Securities LLC, Custodian of Records

To:

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 TEggers@dykema.com / 850-565-6310 | Date and Time: 07/14/2026 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/06/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | /s/ Tiffany H. Eggers |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kingbird Ventures, LLC _____ , who issues or requests this subpoena, are:

Tiffany H. Eggers, Dykema Gossett PLLC, 1717 Main Street, Suite 4200, Dallas, TX 75201, TEggers@dykema.com, 21

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:26-CV-5000

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

A.    The definitions as set forth in the Federal Rules of Civil Procedure. As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.    "Action" means the above-captioned civil action, *Kingbird Ventures LLC v. Inno Holdings Inc., et al.*, 3:26-CV-5000, pending in the United States District Court for the Southern District of Texas, Houston Division.

C.    "AC Sunshine" means AC Sunshine Securities LLC and any of its parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, representatives, or attorneys.

D.    "Communicate" or "communication" means all written communications, including but not limited to emails, text messages, WhatsApp messages, social media posts, social media direct messages, and any other written communications.

E.    "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

F.    "Defendants" means Inno Holdings Inc., Ding Wei, Prince Holding Group and its successors and affiliated entities, Chen Zhi a/k/a "Vincent," and John Doe a/k/a "Mr. Li," and each of their officers, directors, employees, agents, affiliates, nominees, and representatives.

G.    "Document" or "Documents" includes all writings, recordings, graphs, charts, photographs, sound recordings, images, and electronically stored information.

H.    "Electronically Stored Information" or "ESI" includes all forms of electronically stored data, including but not limited to emails, text messages, instant messages, messaging applications, social media content, word-processing documents, spreadsheets, presentations, databases, and associated metadata.

3

I.      "INHD" means the common stock of Inno Holdings Inc. (Nasdaq: INHD) and any securities, instruments, or derivatives relating thereto.

J.      "Locate" means any record reflecting the identification or confirmation of available shares of INHD for short sale, including any electronic or manual locate, borrow authorization, or availability confirmation, however denominated.

K.      "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or commercial entity.

L.      "Plaintiff" means Kingbird Ventures LLC.

M.      "Prince Group" means Prince Holding Group, its Chairman Chen Zhi a/k/a "Vincent," and any affiliated, subsidiary, successor, or related entity, including any entity or individual acting on behalf of or under the direction of Prince Holding Group or Chen Zhi.

N.      "Regulation SHO" means Securities and Exchange Commission Regulation SHO, 17 C.F.R. § 242.200 et seq., including all locate, short sale, close-out, and threshold securities list requirements thereunder.

O.      "Short Position" means Plaintiff's short position in INHD common stock established on or about June 8, 2026, and maintained through the date of production.

P.      "Stock Loan" means any transaction, agreement, or arrangement pursuant to which shares of INHD were borrowed, lent, located, transferred, or made available for short sale, including any master securities lending agreement, securities lending confirmation, or related instrument.

Q.      "T12 Halt" means the Nasdaq trading halt under Code T12 imposed on INHD common stock on or about June 8, 2026, at approximately 5:18 p.m. Eastern Time, and any continuation, extension, or modification thereof.

R.     "You" or "Your" refers to the subpoenaed entity, its officers, directors, employees, agents, affiliates, predecessors, successors, and all persons acting on its behalf.

## INSTRUCTIONS

1.     Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure.

2.     The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3.     Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4.     If any portion of any document is responsive to any Request, the entire document shall be produced.

5.     If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6.     The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

5

a.   That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

b.   That all pages now stapled or fastened together be produced stapled or fastened together; and

c.   That all documents which cannot be legibly copied be produced in their original form.

7.   If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a.   date of document;

b.   description of document (i.e., letter, memorandum);

c.   author of document;

d.   signer of document (including entity with which such signer is affiliated);

e.   recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f.   the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g.   subject matter of document;

h.   number of pages;

i.   attachments or appendices or enclosures;

j.   nature of privilege claimed; and

k.      present physical location of document.

## GENERAL PRODUCTION FORMAT

Pursuant to Fed. R. Civ. P. 45(e), Responding Party "must produce [the records] as they are kept in the ordinary course of business or must organize and label them to correspond to the categories" in the subpoena. All Electronically Stored Information ("ESI") shall be produced in accordance with the following specifications:

1.      **Image Format.** Documents shall be produced as single-page TIFF images, in 1-bit black and white, Group IV format, at 300 DPI resolution. Where color is necessary to convey the meaning or content of a document, the Producing Party shall provide single-page JPEG format images.

2.      **Bates Numbering.** Each page of every produced document shall bear a unique Bates number. Bates numbers shall be applied consistently and sequentially throughout the production.

3.      **OCR / Text Files.** The Producing Party shall provide document-level OCR text for all produced documents. Where redactions have been applied to a document, the Producing Party shall provide re-OCR'd text files of the redacted version of the document. Text shall be provided as document-level, per-file deliverables.

4.      **Load Files.** The Producing Party shall provide standard load files compatible with common review platforms (e.g., Relativity, Summation, Concordance, Ringtail), including .dii, .opt, .lfp, and .mdb files as applicable. A DAT or CSV file shall accompany each production and shall contain the metadata fields specified in Section III of this Order.

5.      **Required Metadata Fields -** Each record shall include all underlying metadata.

7

6.      **Native File Productions -** Where documents are to be produced in native format (e.g., Excel spreadsheets, PowerPoint presentations, Access databases, or other files for which TIFF imaging would not reasonably preserve the document's content or usability), the Producing Party shall provide a placeholder TIFF image along with the native file. The native file shall be named by its assigned Bates number.

## DOCUMENT REQUESTS

1.      All documents, communications, account records, files, and other materials relating to Inno Holdings Inc. ("INHD") or its securities from January 1, 2025, through the present, including any public shell transaction, reverse merger, at-the-market offering, private placement, IPO, or trading activity.

2.      All documents relating to AC Sunshine's role as underwriter, placement agent, sales agent, broker, or advisor in any offering or sale of INHD securities, including (but not limited to) engagement letters, placement agreements, underwriting agreements, commission schedules, due diligence files, roadshow materials, and any agreements concerning share lending or facilitation of liquidity.

3.      All trading records, order tickets, blotters, execution reports, trade confirmations, account statements, and clearing records for any accounts (proprietary, customer, or omnibus) that traded, bought, sold, held, borrowed, lent, or otherwise transacted in INHD securities from May 1, 2026, through the present, with particular attention to activity on or around June 8 and June 9, 2026 (including the T12 trading halt).

4.      All documents identifying the beneficial owners, controllers, authorized traders, or persons with trading authority over any accounts that traded or held INHD securities, including (but not limited to) KYC/AML files, customer account opening documents, beneficial ownership

certifications, power of attorney forms, and any information concerning connections to the Prince Group or any entities or individuals in the People's Republic of China, Hong Kong, or Cambodia.

5. All records of wire transfers, ACH transfers, cryptocurrency transfers (including but not limited to USDT/Tether or any stablecoin), or other payments received, made, or facilitated in connection with INHD trading, offerings, commissions, rebates, borrow fees, or related accounts from January 1, 2025, through the present.

6. All internal and external communications (including emails, WeChat messages, text messages, recorded calls, Bloomberg messages, or other electronic communications) involving any AC Sunshine personnel concerning INHD, its trading activity, the T12 trading halt, share lending, settlement issues, or any regulatory inquiry.

7. All documents relating to any due diligence, background checks, risk assessments, or suitability reviews performed by AC Sunshine in connection with INHD, its officers, directors, promoters, or any related offering or trading activity.

8. All documents showing any relationship, coordination, shared clients, shared promoters, or similar trading patterns between AC Sunshine's activities involving INHD and its activities involving Paranovus Entertainment Technology Ltd. (PAVS) or any other microcap or shell company issuers.

9. All documents reflecting any concentration of trading, funding, share lending, or control in INHD by any particular group of accounts, entities, or individuals (including any connection to the Prince Group or related parties).

10. All documents reflecting any communications between AC Sunshine and Nasdaq, FINRA, the SEC, DTCC/NSCC, or any other regulatory or self-regulatory organization concerning INHD, its trading, the T12 halt, or related compliance or settlement issues.

11.    All records of any share lending, stock borrow, or facilitation arrangements involving INHD shares, including the identity of lenders or counterparties, quantities loaned, borrow rates, terms, and any role AC Sunshine played in locating or lending shares before, during, or after the IPO or the June 2026 trading events.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company, <br>     *Plaintiff*, <br><br> v. <br><br> INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals, <br>     *Defendants*. | § <br> § <br> § <br> § <br> §    CASE NUMBER 4:26-CV-5000 <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**NOTICE OF SUBPOENA OF COBRA TRADING, INC.,**
**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil

Procedure, **Cobra Trading, Inc. ("Cobra")** is being subpoenaed to produce documents by **July**

**14, 2026, at 6:00 P.M. CT**. Plaintiff Kingbird Ventures, LLC ("Kingbird") commands **Cobra** to

produce documents at Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite

4200, Dallas, Texas 75201 or via digital service to Kingbird's counsel of record Tiffany H. Eggers

at TEggers@dykema.com. The documents to be produced are identified in Attachment A to the

attached Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of

Premises in a Civil Action ("Document Subpoena").

1

Dated this 5th day of July 2026.          **DYKEMA GOSSETT PLLC**

/s/ Tiffany H. Eggers
TIFFANY H. EGGERS
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Attorney in Charge for Plaintiff
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: (214) 462-6400/ F: (214) 462-6401
TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, a true and correct copy of the foregoing document was emailed to Defendants Inno Holdings and Ding Wei's counsel at amy.hefley@bakerbotts.com, jim.beha@bakerbotts.com, anthony.lucisano@bakerbotts.com, david.sterling@bakerbotts.com.

/s/ Tiffany H. Eggers
TIFFANY H. EGGERS

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:26-CV-5000 |
| INNO HOLDINGS INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     Cobra Trading, Inc., Custodian of Records

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 TEggers@dykema.com / 850-565-6310 | Date and Time: 07/14/2026 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/06/2026

CLERK OF COURT

OR

_____          /s/ Tiffany H. Eggers
*Signature of Clerk or Deputy Clerk*          _____
                                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kingbird Ventures, LLC_____ , who issues or requests this subpoena, are:

Tiffany H. Eggers, Dykema Gossett PLLC, 1717 Main St, Ste 4200, Dallas, TX 75201, TEggers@dykema.com, 850-565-6310

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:26-CV-5000

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

A.      The definitions as set forth in the Federal Rules of Civil Procedure. As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.      "Action" means the above-captioned civil action, *Kingbird Ventures LLC v. Inno Holdings Inc., et al.*, 3:26-CV-5000, pending in the United States District Court for the Southern District of Texas, Houston Division.

C.      "Communicate" or "communication" means all written communications, including but not limited to emails, text messages, WhatsApp messages, social media posts, social media direct messages, and any other written communications.

D.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

E.      "Defendants" means Inno Holdings Inc., Ding Wei, Prince Holding Group and its successors and affiliated entities, Chen Zhi a/k/a "Vincent," and John Doe a/k/a "Mr. Li," and each of their officers, directors, employees, agents, affiliates, nominees, and representatives.

F.      "Document" or "Documents" includes all writings, recordings, graphs, charts, photographs, sound recordings, images, and electronically stored information.

G.      "Electronically Stored Information" or "ESI" includes all forms of electronically stored data, including but not limited to emails, text messages, instant messages, messaging applications, social media content, word-processing documents, spreadsheets, presentations, databases, and associated metadata.

H.      "INHD" means the common stock of Inno Holdings Inc. (Nasdaq: INHD) and any securities, instruments, or derivatives relating thereto.

3

I. "Locate" means any record reflecting the identification or confirmation of available shares of INHD for short sale, including any electronic or manual locate, borrow authorization, or availability confirmation, however denominated.

J. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or commercial entity.

K. "Plaintiff" means Kingbird Ventures LLC.

L. "Prince Group" means Prince Holding Group, its Chairman Chen Zhi a/k/a "Vincent," and any affiliated, subsidiary, successor, or related entity, including any entity or individual acting on behalf of or under the direction of Prince Holding Group or Chen Zhi.

M. "Regulation SHO" means Securities and Exchange Commission Regulation SHO, 17 C.F.R. § 242.200 et seq., including all locate, short sale, close-out, and threshold securities list requirements thereunder.

N. "Short Position" means Plaintiff's short position in INHD common stock established on or about June 8, 2026, and maintained through the date of production.

O. "Stock Loan" means any transaction, agreement, or arrangement pursuant to which shares of INHD were borrowed, lent, located, transferred, or made available for short sale, including any master securities lending agreement, securities lending confirmation, or related instrument.

P. "T12 Halt" means the Nasdaq trading halt under Code T12 imposed on INHD common stock on or about June 8, 2026, at approximately 5:18 p.m. Eastern Time, and any continuation, extension, or modification thereof.

Q. "You" or "Your" refers to the subpoenaed entity, its officers, directors, employees, agents, affiliates, predecessors, successors, and all persons acting on its behalf.

4

## INSTRUCTIONS

1.      Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure.

2.      The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3.      Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4.      If any portion of any document is responsive to any Request, the entire document shall be produced.

5.      If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6.      The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

a.      That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

5

b.         That all pages now stapled or fastened together be produced stapled or fastened together; and

c.         That all documents which cannot be legibly copied be produced in their original form.

7.         If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a.         date of document;

b.         description of document (i.e., letter, memorandum);

c.         author of document;

d.         signer of document (including entity with which such signer is affiliated);

e.         recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f.         the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g.         subject matter of document;

h.         number of pages;

i.         attachments or appendices or enclosures;

j.         nature of privilege claimed; and

k.         present physical location of document.

## GENERAL PRODUCTION FORMAT

Pursuant to Fed. R. Civ. P. 45(e), Responding Party "must produce [the records] as they are kept in the ordinary course of business or must organize and label them to correspond to the categories" in the subpoena. All Electronically Stored Information ("ESI") shall be produced in accordance with the following specifications:

1.      **Image Format.** Documents shall be produced as single-page TIFF images, in 1-bit black and white, Group IV format, at 300 DPI resolution. Where color is necessary to convey the meaning or content of a document, the Producing Party shall provide single-page JPEG format images.

2.      **Bates Numbering.** Each page of every produced document shall bear a unique Bates number. Bates numbers shall be applied consistently and sequentially throughout the production.

3.      **OCR / Text Files.** The Producing Party shall provide document-level OCR text for all produced documents. Where redactions have been applied to a document, the Producing Party shall provide re-OCR'd text files of the redacted version of the document. Text shall be provided as document-level, per-file deliverables.

4.      **Load Files.** The Producing Party shall provide standard load files compatible with common review platforms (e.g., Relativity, Summation, Concordance, Ringtail), including .dii, .opt, .lfp, and .mdb files as applicable. A DAT or CSV file shall accompany each production and shall contain the metadata fields specified in Section III of this Order.

5.      **Required Metadata Fields -** Each record shall include all underlying metadata.

6.      **Native File Productions -** Where documents are to be produced in native format (e.g., Excel spreadsheets, PowerPoint presentations, Access databases, or other files for which

TIFF imaging would not reasonably preserve the document's content or usability), the Producing Party shall provide a placeholder TIFF image along with the native file. The native file shall be named by its assigned Bates number.

**DOCUMENT REQUESTS**

1.     All records that identify any lenders, counterparties, sources, and/or entities from which the **INHD** shares were "located," loaned, facilitated, and/or borrowed by **Wedbush Securities, Inc.** ("**Wedbush**") to cover the Short Positions facilitated directly or indirectly by **Wedbush** between June 1, 2026 and July 2, 2026, and the trading activity of **INHD**, on behalf of **Cobra**.  Said records and documents shall include the following specific information:

      a.  The identity of any lenders, counterparties, sources, and/or entities that shares were "located," loaned, facilitated, and/or borrowed, and the trading activity of **INHD**;

      b.  The information concerning the amounts, share price, and date of all Short Positions taken by **all individuals and entities** that took a short position on **INHD**, and the trading activity of **INHD**;

      c.  The interest rates and/or stock loan rebates exclusive of any markups taken for all Short Positions paid and/or received on **INHD** and the trading activity; and

      d.  The location (including entity, bank account, and routing number) that Plaintiff's interest and borrow fees are being transferred to by **Wedbush**.

2.     The documents, contracts, and agreements entered into between **Wedbush** and **Cobra** for **Wedbush** to act as a clearing agent for **Cobra**, regardless of date executed.

3.     The documents, contracts, and agreements entered into between **Cobra** and any third-party lender, counterparty, or entity from which **Wedbush** or **Cobra** obtained the locates for Plaintiff and any other individual/entity for **INHD** shares, regardless of date executed.

4.     Order and Trade data for **INHD**: Should include, but not be limited to records reflecting the original order and subsequent changes and/or trade executions with all the required information (i.e: sell short, agency/principal, Solicited/unsolicited, all timestamps, etc.)

5.     Stock Locate records for **INHD**: Should include, but not be limited to records reflecting the stock locates provided by the stock loan desk on short sales and the required documents reflecting the locate requested by the trade originator. These records should include the time of entry and in the case of locates, the expiration time of the availability of the stock to be borrowed.

6.     Affirmative Determination records for **INHD**: Should include, but not be limited to records reflecting affirmative determination as to the location of the stock being sold as required in a long sale.

7.     Stock Record for **INHD**: Should include, but not be limited to records reflecting the daily positions and control locations of all accounts within the firm for **INHD** (i.e. firm, control, operations, customer, fail, suspense accounts etc.). These records would reflect the full daily two-sided debit/credit balancing of **INHD**.

8.     Stock Record Debit/Credit Journals for **INHD**: Should include, but not be limited to journal records reflecting both the debit and credit non-trade movements of cash and securities between stock record accounts for **INHD**. These records should reflect both the debit and credit sides in a single offsetting entry.

9.   Stock Loan/Borrow records for **INHD**: Should include, but not be limited to records that reflect the borrowing and lending of **INHD**, including the borrow/lend rate, the date of the loan or borrow and the closeout date. These records should also include any and all records that

9

source the borrow or loans back to customer accounts or other source accounts with a full accounting of the **INHD** stock movements.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company,<br>　　*Plaintiff*,<br><br>v.<br><br>INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals,<br>　　*Defendants*. | **CASE NUMBER 4:26-CV-5000** |

**NOTICE OF SUBPOENA OF DEPOSITORY TRUST & CLEARING CORPORATION**
**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, **Depository Trust & Clearing Corporation** ("**DTCC**") is being subpoenaed to produce documents by **July 14, 2026, at 6:00 P.M. CT**. Plaintiff Kingbird Ventures, LLC ("Kingbird") commands **DTCC** to produce documents at Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 or via digital service to Kingbird's counsel of record Tiffany H. Eggers at TEggers@dykema.com. The documents to be produced are identified in Attachment A to the attached Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action ("Document Subpoena").

1

Dated this 5th day of July 2026.

**DYKEMA GOSSETT PLLC**

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Attorney in Charge for Plaintiff
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: (214) 462-6400/ F: (214) 462-6401
TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, a true and correct copy of the foregoing document was emailed to Defendants Inno Holdings and Ding Wei's counsel at amy.hefley@bakerbotts.com, jim.beha@bakerbotts.com, anthony.lucisano@bakerbotts.com, david.sterling@bakerbotts.com.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:26-CV-5000 |
| INNO HOLDINGS INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Depository Trust & Clearing Corporation, Custodian of Records

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 TEggers@dykema.com / 850-565-6310 | Date and Time: 07/14/2026 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/06/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Tiffany H. Eggers |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kingbird Ventures, LLC _____ , who issues or requests this subpoena, are:

Tiffany H. Eggers, Dykema Gossett PLLC, 1717 Main Street, Suite 4200, Dallas, TX 75201, TEggers@dykema.com, 21

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:26-CV-5000

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

A.      The definitions as set forth in the Federal Rules of Civil Procedure. As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.      "Action" means the above-captioned civil action, *Kingbird Ventures LLC v. Inno Holdings Inc., et al.*, 3:26-CV-5000, pending in the United States District Court for the Southern District of Texas, Houston Division.

C.      "Communicate" or "communication" means all written communications, including but not limited to emails, text messages, WhatsApp messages, social media posts, social media direct messages, and any other written communications.

D.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

E.      "Defendants" means Inno Holdings Inc., Ding Wei, Prince Holding Group and its successors and affiliated entities, Chen Zhi a/k/a "Vincent," and John Doe a/k/a "Mr. Li," and each of their officers, directors, employees, agents, affiliates, nominees, and representatives.

F.      "Document" or "Documents" includes all writings, recordings, graphs, charts, photographs, sound recordings, images, and electronically stored information.

G.      "Electronically Stored Information" or "ESI" includes all forms of electronically stored data, including but not limited to emails, text messages, instant messages, messaging applications, social media content, word-processing documents, spreadsheets, presentations, databases, and associated metadata.

H.      "INHD" means the common stock of Inno Holdings Inc. (Nasdaq: INHD) and any securities, instruments, or derivatives relating thereto.

3

I.    "Locate" means any record reflecting the identification or confirmation of available shares of INHD for short sale, including any electronic or manual locate, borrow authorization, or availability confirmation, however denominated.

J.    "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or commercial entity.

K.    "Plaintiff" means Kingbird Ventures LLC.

L.    "Prince Group" means Prince Holding Group, its Chairman Chen Zhi a/k/a "Vincent," and any affiliated, subsidiary, successor, or related entity, including any entity or individual acting on behalf of or under the direction of Prince Holding Group or Chen Zhi.

M.    "Regulation SHO" means Securities and Exchange Commission Regulation SHO, 17 C.F.R. § 242.200 et seq., including all locate, short sale, close-out, and threshold securities list requirements thereunder.

N.    "Short Position" means Plaintiff's short position in INHD common stock established on or about June 8, 2026, and maintained through the date of production.

O.    "Stock Loan" means any transaction, agreement, or arrangement pursuant to which shares of INHD were borrowed, lent, located, transferred, or made available for short sale, including any master securities lending agreement, securities lending confirmation, or related instrument.

P.    "T12 Halt" means the Nasdaq trading halt under Code T12 imposed on INHD common stock on or about June 8, 2026, at approximately 5:18 p.m. Eastern Time, and any continuation, extension, or modification thereof.

Q.    "You" or "Your" refers to the subpoenaed entity, its officers, directors, employees, agents, affiliates, predecessors, successors, and all persons acting on its behalf.

4

**INSTRUCTIONS**

1.      Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure.

2.      The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3.      Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4.      If any portion of any document is responsive to any Request, the entire document shall be produced.

5.      If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6.      The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

a.      That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

5

b.      That all pages now stapled or fastened together be produced stapled or fastened together; and

c.      That all documents which cannot be legibly copied be produced in their original form.

7.      If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a.      date of document;

b.      description of document (i.e., letter, memorandum);

c.      author of document;

d.      signer of document (including entity with which such signer is affiliated);

e.      recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f.      the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g.      subject matter of document;

h.      number of pages;

i.      attachments or appendices or enclosures;

j.      nature of privilege claimed; and

k.      present physical location of document.

## GENERAL PRODUCTION FORMAT

Pursuant to Fed. R. Civ. P. 45(e), Responding Party "must produce [the records] as they are kept in the ordinary course of business or must organize and label them to correspond to the categories" in the subpoena. All Electronically Stored Information ("ESI") shall be produced in accordance with the following specifications:

1.    **Image Format.** Documents shall be produced as single-page TIFF images, in 1-bit black and white, Group IV format, at 300 DPI resolution. Where color is necessary to convey the meaning or content of a document, the Producing Party shall provide single-page JPEG format images.

2.    **Bates Numbering.** Each page of every produced document shall bear a unique Bates number. Bates numbers shall be applied consistently and sequentially throughout the production.

3.    **OCR / Text Files.** The Producing Party shall provide document-level OCR text for all produced documents. Where redactions have been applied to a document, the Producing Party shall provide re-OCR'd text files of the redacted version of the document. Text shall be provided as document-level, per-file deliverables.

4.    **Load Files.** The Producing Party shall provide standard load files compatible with common review platforms (e.g., Relativity, Summation, Concordance, Ringtail), including .dii, .opt, .lfp, and .mdb files as applicable. A DAT or CSV file shall accompany each production and shall contain the metadata fields specified in Section III of this Order.

5.    **Required Metadata Fields -** Each record shall include all underlying metadata.

6.    **Native File Productions -** Where documents are to be produced in native format (e.g., Excel spreadsheets, PowerPoint presentations, Access databases, or other files for which

TIFF imaging would not reasonably preserve the document's content or usability), the Producing Party shall provide a placeholder TIFF image along with the native file. The native file shall be named by its assigned Bates number.

## DOCUMENT REQUESTS

1.     All records reflecting the settlement, clearance, or processing of transactions in INHD common stock from May 1, 2026, through the present, including trade confirmation records, settlement records, NSCC (National Securities Clearing Corporation) records, CNS (Continuous Net Settlement) records, and DTC participant records.

2.     All fail-to-deliver records for INHD common stock from May 1, 2026, through the present, including CNS fail-to-deliver and fail-to-receive positions by participant (broker); stock borrow program records; mandatory buy-in records; and any other records of settlement failures or close-out obligations.

3.     All records reflecting the CNS Accounting Summary, Consolidated Trade Summary, Correspondent Clearing Data, and DTCC Participant Daily Activity Statement for INHD, including daily bought/sold share totals, movements of shares and money between participants (brokers), and all transactions between exchanges and participants.

4.     All records reflecting the identity of DTCC participants who held, transferred, borrowed, lent, or had concentrated positions in INHD shares from May 1, 2026, through the present, including beneficial ownership, position reports, and participant holdings.

5.     All records reflecting INHD's position on the Regulation SHO Threshold Securities List, including the date of initial listing, the basis therefor, duration on the list, and any subsequent changes or removals.

6.      All records of any transfer, delivery, or movement of INHD shares among DTC participants, particularly during the coordinated trading event of June 8, 2026, and the T12 Halt.

7.      All Communications (internal and external) concerning INHD, the T12 Halt, settlement failures, or related compliance concerns, including communications with Nasdaq, FINRA, the SEC, or any other regulatory or self-regulatory authority; communications with any DTC participant concerning INHD shares, the T12 Halt, fail-to-deliver positions, or close-out obligations; and all internal DTCC/DTC Communications regarding INHD, settlement anomalies, or compliance issues.

8.      All records concerning any trading, clearance, or settlement of INHD common stock that was not processed through the Continuous Net Settlement (CNS) system, including all records related to ex-clearing, bilateral settlements, direct deliveries between participants, or any other non-standard or alternative settlement arrangements from May 1, 2026 through the present. This request specifically includes any internal DTCC, DTC, or NSCC reports, exception logs, or tracking systems that identify or document trades or positions in INHD that bypassed or were excluded from normal CNS netting and settlement processes.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company,<br>    *Plaintiff*, | § § § § | |
| v. | § § | CASE NUMBER 4:26-CV-5000 |
| INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals,<br>    *Defendants.* | § § § § § § § § § § | |

## NOTICE OF SUBPOENA OF FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, **Financial Industry Regulatory Authority, Inc. ("FINRA")** is being subpoenaed to produce documents by **July 14, 2026, at 6:00 P.M. CT**. Plaintiff Kingbird Ventures, LLC ("Kingbird") commands **FINRA** to produce documents at Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 or via digital service to Kingbird's counsel of record Tiffany H. Eggers at TEggers@dykema.com. The documents to be produced are identified in Attachment A to the attached Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action ("Document Subpoena").

1

Dated this 5th day of July 2026.

**DYKEMA GOSSETT PLLC**

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Attorney in Charge for Plaintiff
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: (214) 462-6400/ F: (214) 462-6401
TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, a true and correct copy of the foregoing document was emailed to Defendants Inno Holdings and Ding Wei's counsel at amy.hefley@bakerbotts.com, jim.beha@bakerbotts.com, anthony.lucisano@bakerbotts.com, david.sterling@bakerbotts.com.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:26-CV-5000 |
| INNO HOLDINGS INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:      Financial Industry Regulatory Authority, Inc. ("FINRA"), Custodian of Records

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A

| Place: Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 TEggers@dykema.com / 850-565-6310 | Date and Time: 07/14/2026 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/06/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Tiffany H. Eggers |
| *Signature of Clerk or Deputy Clerk* | | _____ |
| | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Kingbird Ventures, LLC _____ , who issues or requests this subpoena, are:

Tiffany H. Eggers, Dykema Gossett PLLC, 1717 Main Street, Suite 4200, Dallas, TX 75201, TEggers@dykema.com, 21

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:26-CV-5000

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A**

A.      The definitions as set forth in the Federal Rules of Civil Procedure. As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.      "Action" means the above-captioned civil action, *Kingbird Ventures LLC v. Inno Holdings Inc., et al.*, 3:26-CV-5000, pending in the United States District Court for the Southern District of Texas, Houston Division.

C.      "Communicate" or "communication" means all written communications, including but not limited to emails, text messages, WhatsApp messages, social media posts, social media direct messages, and any other written communications.

D.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

E.      "Defendants" means Inno Holdings Inc., Ding Wei, Prince Holding Group and its successors and affiliated entities, Chen Zhi a/k/a "Vincent," and John Doe a/k/a "Mr. Li," and each of their officers, directors, employees, agents, affiliates, nominees, and representatives.

F.      "Document" or "Documents" includes all writings, recordings, graphs, charts, photographs, sound recordings, images, and electronically stored information.

G.      "Electronically Stored Information" or "ESI" includes all forms of electronically stored data, including but not limited to emails, text messages, instant messages, messaging applications, social media content, word-processing documents, spreadsheets, presentations, databases, and associated metadata.

H.      "INHD" means the common stock of Inno Holdings Inc. (Nasdaq: INHD) and any securities, instruments, or derivatives relating thereto.

3

I.      "Locate" means any record reflecting the identification or confirmation of available shares of INHD for short sale, including any electronic or manual locate, borrow authorization, or availability confirmation, however denominated.

J.      "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or commercial entity.

K.      "Plaintiff" means Kingbird Ventures LLC.

L.      "Prince Group" means Prince Holding Group, its Chairman Chen Zhi a/k/a "Vincent," and any affiliated, subsidiary, successor, or related entity, including any entity or individual acting on behalf of or under the direction of Prince Holding Group or Chen Zhi.

M.      "Regulation SHO" means Securities and Exchange Commission Regulation SHO, 17 C.F.R. § 242.200 et seq., including all locate, short sale, close-out, and threshold securities list requirements thereunder.

N.      "Short Position" means Plaintiff's short position in INHD common stock established on or about June 8, 2026, and maintained through the date of production.

O.      "Stock Loan" means any transaction, agreement, or arrangement pursuant to which shares of INHD were borrowed, lent, located, transferred, or made available for short sale, including any master securities lending agreement, securities lending confirmation, or related instrument.

P.      "T12 Halt" means the Nasdaq trading halt under Code T12 imposed on INHD common stock on or about June 8, 2026, at approximately 5:18 p.m. Eastern Time, and any continuation, extension, or modification thereof.

Q.      "You" or "Your" refers to the subpoenaed entity, its officers, directors, employees, agents, affiliates, predecessors, successors, and all persons acting on its behalf.

4

## INSTRUCTIONS

1. Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure.

2. The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3. Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4. If any portion of any document is responsive to any Request, the entire document shall be produced.

5. If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6. The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

a. That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

5

b.       That all pages now stapled or fastened together be produced stapled or fastened together; and

c.       That all documents which cannot be legibly copied be produced in their original form.

7.       If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a.       date of document;

b.       description of document (i.e., letter, memorandum);

c.       author of document;

d.       signer of document (including entity with which such signer is affiliated);

e.       recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f.       the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g.       subject matter of document;

h.       number of pages;

i.       attachments or appendices or enclosures;

j.       nature of privilege claimed; and

k.       present physical location of document.

## **GENERAL PRODUCTION FORMAT**

Pursuant to Fed. R. Civ. P. 45(e), Responding Party "must produce [the records] as they are kept in the ordinary course of business or must organize and label them to correspond to the categories" in the subpoena. All Electronically Stored Information ("ESI") shall be produced in accordance with the following specifications:

1.　　**Image Format.** Documents shall be produced as single-page TIFF images, in 1-bit black and white, Group IV format, at 300 DPI resolution. Where color is necessary to convey the meaning or content of a document, the Producing Party shall provide single-page JPEG format images.

2.　　**Bates Numbering.** Each page of every produced document shall bear a unique Bates number. Bates numbers shall be applied consistently and sequentially throughout the production.

3.　　**OCR / Text Files.** The Producing Party shall provide document-level OCR text for all produced documents. Where redactions have been applied to a document, the Producing Party shall provide re-OCR'd text files of the redacted version of the document. Text shall be provided as document-level, per-file deliverables.

4.　　**Load Files.** The Producing Party shall provide standard load files compatible with common review platforms (e.g., Relativity, Summation, Concordance, Ringtail), including .dii, .opt, .lfp, and .mdb files as applicable. A DAT or CSV file shall accompany each production and shall contain the metadata fields specified in Section III of this Order.

5.　　**Required Metadata Fields -** Each record shall include all underlying metadata.

6.　　**Native File Productions -** Where documents are to be produced in native format (e.g., Excel spreadsheets, PowerPoint presentations, Access databases, or other files for which

7

TIFF imaging would not reasonably preserve the document's content or usability), the Producing Party shall provide a placeholder TIFF image along with the native file. The native file shall be named by its assigned Bates number.

## DOCUMENT REQUESTS

1.      All FINRA CAT Data (Consolidated Audit Trail) records, reports, data files, extracts, and related documents reflecting the complete lifespan of orders from origination to completion. This includes, but is not limited to, all information regarding broker details, customer information, long or short indicators, unique order IDs, timestamps with precision, cancel/replaces, order forwarding, executions, expired orders, modifications, and any other related order lifecycle events.

2.      All Short Interest Data (Broker Level) records, reports, data files, summaries, and other documents reflecting the total short interest shares reported to FINRA on a twice-monthly basis, including broker-level detail for each reporting period.

3.      All documents sufficient to determine whether FINRA has initiated, is conducting, or has conducted any investigation or inquiry (formal or informal) into trading, short selling, fails-to-deliver or fails-to-receive activity, or any other conduct involving Inno Holdings Inc./INHD common stock from May 1, 2026, to the present. For any such investigation or inquiry, produce the following:

    a.      The FINRA matter/case number;

    b.      The date opened and current status; and

    c.      A description of the scope or subject matter of the investigation.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company, <br> *Plaintiff,* <br><br> v. <br><br> INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals, <br> *Defendants.* | § § § § § § § § § § § § § § § § | CASE NUMBER 4:26-CV-5000 |

**NOTICE OF SUBPOENA OF NASDAQ, INC.,
TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, **Nasdaq, Inc. ("Nasdaq")** is being subpoenaed to produce documents by **July 14, 2026, at 6:00 P.M. CT**. Plaintiff Kingbird Ventures, LLC ("Kingbird") commands **Nasdaq** to produce documents at Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 or via digital service to Kingbird's counsel of record Tiffany H. Eggers at TEggers@dykema.com. The documents to be produced are identified in Attachment A to the attached Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action ("Document Subpoena").

1

Dated this 5th day of July 2026.

**DYKEMA GOSSETT PLLC**

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Attorney in Charge for Plaintiff
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: (214) 462-6400/ F: (214) 462-6401
TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, a true and correct copy of the foregoing document was emailed to Defendants Inno Holdings and Ding Wei's counsel at amy.hefley@bakerbotts.com, jim.beha@bakerbotts.com, anthony.lucisano@bakerbotts.com, david.sterling@bakerbotts.com.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.    4:26-CV-5000 |
| INNO HOLDINGS INC., et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Nasdaq, Inc.

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 TEggers@dykema.com  / 850-565-6310 | Date and Time: 07/14/2026 6:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/06/2026

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Tiffany H. Eggers |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Kingbird Ventures, LLC                                                               , who issues or requests this subpoena, are:

Tiffany H. Eggers, Dykema Gossett PLLC, 1717 Main Street, Suite 4200, Dallas, TX 75201, TEggers@dykema.com, 21

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:26-CV-5000

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

A.      The definitions as set forth in the Federal Rules of Civil Procedure. As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.      "Action" means the above-captioned civil action, *Kingbird Ventures LLC v. Inno Holdings Inc., et al.*, 3:26-CV-5000, pending in the United States District Court for the Southern District of Texas, Houston Division.

C.      "Communicate" or "communication" means all written communications, including but not limited to emails, text messages, WhatsApp messages, social media posts, social media direct messages, and any other written communications.

D.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

E.      "Defendants" means Inno Holdings Inc., Ding Wei, Prince Holding Group and its successors and affiliated entities, Chen Zhi a/k/a "Vincent," and John Doe a/k/a "Mr. Li," and each of their officers, directors, employees, agents, affiliates, nominees, and representatives.

F.      "Document" or "Documents" includes all writings, recordings, graphs, charts, photographs, sound recordings, images, and electronically stored information.

G.      "Electronically Stored Information" or "ESI" includes all forms of electronically stored data, including but not limited to emails, text messages, instant messages, messaging applications, social media content, word-processing documents, spreadsheets, presentations, databases, and associated metadata.

H.      "INHD" means the common stock of Inno Holdings Inc. (Nasdaq: INHD) and any securities, instruments, or derivatives relating thereto.

I.    "Locate" means any record reflecting the identification or confirmation of available shares of INHD for short sale, including any electronic or manual locate, borrow authorization, or availability confirmation, however denominated.

J.    "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or commercial entity.

K.    "Plaintiff" means Kingbird Ventures LLC.

L.    "Prince Group" means Prince Holding Group, its Chairman Chen Zhi a/k/a "Vincent," and any affiliated, subsidiary, successor, or related entity, including any entity or individual acting on behalf of or under the direction of Prince Holding Group or Chen Zhi.

M.    "Regulation SHO" means Securities and Exchange Commission Regulation SHO, 17 C.F.R. § 242.200 et seq., including all locate, short sale, close-out, and threshold securities list requirements thereunder.

N.    "Short Position" means Plaintiff's short position in INHD common stock established on or about June 8, 2026, and maintained through the date of production.

O.    "Stock Loan" means any transaction, agreement, or arrangement pursuant to which shares of INHD were borrowed, lent, located, transferred, or made available for short sale, including any master securities lending agreement, securities lending confirmation, or related instrument.

P.    "T12 Halt" means the Nasdaq trading halt under Code T12 imposed on INHD common stock on or about June 8, 2026, at approximately 5:18 p.m. Eastern Time, and any continuation, extension, or modification thereof.

Q.    "You" or "Your" refers to the subpoenaed entity, its officers, directors, employees, agents, affiliates, predecessors, successors, and all persons acting on its behalf.

4

## INSTRUCTIONS

1.      Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure.

2.      The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3.      Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4.      If any portion of any document is responsive to any Request, the entire document shall be produced.

5.      If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6.      The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

a.      That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

5

b.      That all pages now stapled or fastened together be produced stapled or fastened together; and

c.      That all documents which cannot be legibly copied be produced in their original form.

7.      If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a.      date of document;

b.      description of document (i.e., letter, memorandum);

c.      author of document;

d.      signer of document (including entity with which such signer is affiliated);

e.      recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f.      the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g.      subject matter of document;

h.      number of pages;

i.      attachments or appendices or enclosures;

j.      nature of privilege claimed; and

k.      present physical location of document.

### GENERAL PRODUCTION FORMAT

Pursuant to Fed. R. Civ. P. 45(e), Responding Party "must produce [the records] as they are kept in the ordinary course of business or must organize and label them to correspond to the categories" in the subpoena. All Electronically Stored Information ("ESI") shall be produced in accordance with the following specifications:

1.     **Image Format.** Documents shall be produced as single-page TIFF images, in 1-bit black and white, Group IV format, at 300 DPI resolution. Where color is necessary to convey the meaning or content of a document, the Producing Party shall provide single-page JPEG format images.

2.     **Bates Numbering.** Each page of every produced document shall bear a unique Bates number. Bates numbers shall be applied consistently and sequentially throughout the production.

3.     **OCR / Text Files.** The Producing Party shall provide document-level OCR text for all produced documents. Where redactions have been applied to a document, the Producing Party shall provide re-OCR'd text files of the redacted version of the document. Text shall be provided as document-level, per-file deliverables.

4.     **Load Files.** The Producing Party shall provide standard load files compatible with common review platforms (e.g., Relativity, Summation, Concordance, Ringtail), including .dii, .opt, .lfp, and .mdb files as applicable. A DAT or CSV file shall accompany each production and shall contain the metadata fields specified in Section III of this Order.

5.     **Required Metadata Fields -** Each record shall include all underlying metadata.

6.     **Native File Productions -** Where documents are to be produced in native format (e.g., Excel spreadsheets, PowerPoint presentations, Access databases, or other files for which

TIFF imaging would not reasonably preserve the document's content or usability), the Producing Party shall provide a placeholder TIFF image along with the native file. The native file shall be named by its assigned Bates number.

**DOCUMENT REQUESTS**

1.      All Documents and Communications concerning the imposition of the T12 Halt on INHD common stock on June 8, 2026, including all information requests submitted to Inno Holdings Inc., all responses received, and all internal analyses or determinations made in connection with the Halt.

2.      All records reflecting the basis for the T12 Halt, including any trading surveillance data, alerts, or anomaly reports that contributed to or triggered the decision to impose the Halt.

3.      All Documents and Communications concerning any WeChat messages, social media posts, or other communications identified as part of the circumstances giving rise to or contributing to the T12 Halt.

4.      All trading surveillance records, alert records, and market surveillance data for INHD common stock from May 1, 2026 through the present, including records reflecting unusual volume, price movement, or trading patterns.

5.      All Communications between Nasdaq and Inno Holdings Inc., Ding Wei, or any other Person affiliated with Inno Holdings Inc. concerning the T12 Halt, including all information requests, responses, and follow-up correspondence.

6.      All Communications between Nasdaq and any broker-dealer, clearing firm, or DTC participant concerning INHD, the T12 Halt, or settlement of INHD transactions.

7.      All Communications between Nasdaq and any regulatory authority (FINRA, SEC, FinCEN, OFAC) concerning INHD, the T12 Halt, or the trading activity of June 8, 2026.

8

8.      All internal Communications at Nasdaq concerning the T12 Halt, INHD, or any Person or entity affiliated with Inno Holdings Inc. or the Prince Group.

9.      All Documents concerning any determination or plan for lifting, continuing, extending, or modifying the T12 Halt, including any deadlines, benchmarks, or conditions set for resolution.

10.     All Documents concerning Inno Holdings Inc.'s listing history, listing standards compliance, and any prior regulatory concerns or listing reviews.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company,<br>　　*Plaintiff*,<br><br>v.<br><br>INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals,<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§　CASE NUMBER 4:26-CV-5000<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**NOTICE OF SUBPOENA OF VELOCITY CLEARING, LLC**
**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Velocity Clearing, LLC ("Velocity") is being subpoenaed to produce documents by **July 14, 2026, at 6:00 P.M. CT**. Plaintiff Kingbird Ventures, LLC ("Kingbird") commands **Velocity** to produce documents at Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, Texas 75201 or via digital service to Kingbird's counsel of record Tiffany H. Eggers at TEggers@dykema.com. The documents to be produced are identified in Attachment A to the attached Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action ("Document Subpoena").

1

Dated this 5th day of July 2026.

**DYKEMA GOSSETT PLLC**

/s/ Tiffany H. Eggers
TIFFANY H. EGGERS
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Attorney in Charge for Plaintiff
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: (214) 462-6400/ F: (214) 462-6401
TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, a true and correct copy of the foregoing document was emailed to Defendants Inno Holdings and Ding Wei's counsel at amy.hefley@bakerbotts.com, jim.beha@bakerbotts.com, anthony.lucisano@bakerbotts.com, david.sterling@bakerbotts.com.

/s/ Tiffany H. Eggers
TIFFANY H. EGGERS

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:26-CV-5000 |
| INNO HOLDINGS INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:               Velocity Clearing, LLC, Custodian of Records

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 TEggers@dykema.com / 850-565-6310 | Date and Time:  07/14/2026 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/06/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Tiffany H. Eggers |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kingbird Ventures, LLC                                                            , who issues or requests this subpoena, are:

Tiffany H. Eggers, Dykema Gossett PLLC, 1717 Main Street, Suite 4200, Dallas, TX 75201, TEggers@dykema.com, 21

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:26-CV-5000

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

A.      The definitions as set forth in the Federal Rules of Civil Procedure. As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.      "Action" means the above-captioned civil action, *Kingbird Ventures LLC v. Inno Holdings Inc., et al.*, 3:26-CV-5000, pending in the United States District Court for the Southern District of Texas, Houston Division.

C.      "Communicate" or "communication" means all written communications, including but not limited to emails, text messages, WhatsApp messages, social media posts, social media direct messages, and any other written communications.

D.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

E.      "Defendants" means Inno Holdings Inc., Ding Wei, Prince Holding Group and its successors and affiliated entities, Chen Zhi a/k/a "Vincent," and John Doe a/k/a "Mr. Li," and each of their officers, directors, employees, agents, affiliates, nominees, and representatives.

F.      "Document" or "Documents" includes all writings, recordings, graphs, charts, photographs, sound recordings, images, and electronically stored information.

G.      "Electronically Stored Information" or "ESI" includes all forms of electronically stored data, including but not limited to emails, text messages, instant messages, messaging applications, social media content, word-processing documents, spreadsheets, presentations, databases, and associated metadata.

H.      "INHD" means the common stock of Inno Holdings Inc. (Nasdaq: INHD) and any securities, instruments, or derivatives relating thereto.

3

I.    "Locate" means any record reflecting the identification or confirmation of available shares of INHD for short sale, including any electronic or manual locate, borrow authorization, or availability confirmation, however denominated.

J.    "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or commercial entity.

K.    "Plaintiff" means Kingbird Ventures LLC.

L.    "Prince Group" means Prince Holding Group, its Chairman Chen Zhi a/k/a "Vincent," and any affiliated, subsidiary, successor, or related entity, including any entity or individual acting on behalf of or under the direction of Prince Holding Group or Chen Zhi.

M.    "Regulation SHO" means Securities and Exchange Commission Regulation SHO, 17 C.F.R. § 242.200 et seq., including all locate, short sale, close-out, and threshold securities list requirements thereunder.

N.    "Short Position" means Plaintiff's short position in INHD common stock established on or about June 8, 2026, and maintained through the date of production.

O.    "Stock Loan" means any transaction, agreement, or arrangement pursuant to which shares of INHD were borrowed, lent, located, transferred, or made available for short sale, including any master securities lending agreement, securities lending confirmation, or related instrument.

P.    "T12 Halt" means the Nasdaq trading halt under Code T12 imposed on INHD common stock on or about June 8, 2026, at approximately 5:18 p.m. Eastern Time, and any continuation, extension, or modification thereof.

Q.    "You" or "Your" refers to the subpoenaed entity, its officers, directors, employees, agents, affiliates, predecessors, successors, and all persons acting on its behalf.

4

## INSTRUCTIONS

1.      Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure.

2.      The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3.      Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4.      If any portion of any document is responsive to any Request, the entire document shall be produced.

5.      If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6.      The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

a.      That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

5

b. That all pages now stapled or fastened together be produced stapled or fastened together; and

c. That all documents which cannot be legibly copied be produced in their original form.

7. If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a. date of document;

b. description of document (i.e., letter, memorandum);

c. author of document;

d. signer of document (including entity with which such signer is affiliated);

e. recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f. the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g. subject matter of document;

h. number of pages;

i. attachments or appendices or enclosures;

j. nature of privilege claimed; and

k. present physical location of document.

6

## GENERAL PRODUCTION FORMAT

Pursuant to Fed. R. Civ. P. 45(e), Responding Party "must produce [the records] as they are kept in the ordinary course of business or must organize and label them to correspond to the categories" in the subpoena. All Electronically Stored Information ("ESI") shall be produced in accordance with the following specifications:

1.      **Image Format.** Documents shall be produced as single-page TIFF images, in 1-bit black and white, Group IV format, at 300 DPI resolution. Where color is necessary to convey the meaning or content of a document, the Producing Party shall provide single-page JPEG format images.

2.      **Bates Numbering.** Each page of every produced document shall bear a unique Bates number. Bates numbers shall be applied consistently and sequentially throughout the production.

3.      **OCR / Text Files.** The Producing Party shall provide document-level OCR text for all produced documents. Where redactions have been applied to a document, the Producing Party shall provide re-OCR'd text files of the redacted version of the document. Text shall be provided as document-level, per-file deliverables.

4.      **Load Files.** The Producing Party shall provide standard load files compatible with common review platforms (e.g., Relativity, Summation, Concordance, Ringtail), including .dii, .opt, .lfp, and .mdb files as applicable. A DAT or CSV file shall accompany each production and shall contain the metadata fields specified in Section III of this Order.

5.      **Required Metadata Fields -** Each record shall include all underlying metadata.

6.      **Native File Productions -** Where documents are to be produced in native format (e.g., Excel spreadsheets, PowerPoint presentations, Access databases, or other files for which

7

TIFF imaging would not reasonably preserve the document's content or usability), the Producing Party shall provide a placeholder TIFF image along with the native file. The native file shall be named by its assigned Bates number.

## **DOCUMENT REQUESTS**

All records that identify any lenders, counterparties, sources, and/or entities from which the **INHD** shares were "located," loaned, facilitated, and/or borrowed by **Velocity Clearing, LLC** ("**Velocity**") to cover the Short Positions facilitated directly or indirectly by **Velocity** between June 1, 2026 and July 2, 2026, and the trading activity of **INHD**.  Said records and documents shall include the following specific information:

      a. The identity of any lenders, counterparties, sources, and/or entities that shares were "located," loaned, facilitated, and/or borrowed, and the trading activity of **INHD**;

      b. The information concerning the amounts, share price, and date of all Short Positions taken by all individuals and entities that took a short position on **INHD**, and the trading activity of **INHD**;

      c. The interest rates and/or stock loan rebates exclusive of any markups taken for all Short Positions paid and/or received on **INHD** and the trading activity; and

      d. The location (including entity, bank account, and routing number) that Plaintiff's interest and borrow fees are being transferred to by **Velocity**.

2. The documents, contracts, and agreements entered into between **Velocity** and any third-party lender, counterparty, or entity from which **Velocity** obtained the locates for Plaintiff and any other individual/entity for **INHD** shares, regardless of date executed.

3.      Order and Trade data for **INHD**: Should include, but not be limited to records reflecting the original order and subsequent changes and/or trade executions with all the required information (i.e: sell short, agency/principal, Solicited/unsolicited, all timestamps, etc.)

4.      Stock Locate records for **INHD**: Should include, but not be limited to records reflecting the stock locates provided by the stock loan desk on short sales and the required documents reflecting the locate requested by the trade originator. These records should include the time of entry and in the case of locates, the expiration time of the availability of the stock to be borrowed.

5.      Affirmative Determination records for **INHD**: Should include, but not be limited to records reflecting affirmative determination as to the location of the stock being sold as required in a long sale.

6.      Stock Record for **INHD**: Should include, but not be limited to records reflecting the daily positions and control locations of all accounts within the firm for **INHD** (i.e. firm, control, operations, customer, fail, suspense accounts etc.). These records would reflect the full daily two-sided debit/credit balancing of **INHD**.

7.      Stock Record Debit/Credit Journals for **INHD**: Should include, but not be limited to journal records reflecting both the debit and credit non-trade movements of cash and securities between stock record accounts for **INHD**. These records should reflect both the debit and credit sides in a single offsetting entry.

8.      Stock Loan/Borrow records for **INHD**: Should include, but not be limited to records that reflect the borrowing and lending of **INHD**, including the borrow/lend rate, the date of the loan or borrow and the closeout date. These records should also include any and all records that

9

source the borrow or loans back to customer accounts or other source accounts with a full accounting of the **INHD** stock movements.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company, *Plaintiff*, | § § § § | |
| v. | § § | CASE NUMBER 4:26-CV-5000 |
| INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals, *Defendants.* | § § § § § § § § § § § | |

## NOTICE OF SUBPOENA OF VELOX CLEARING, LLC
## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, **Velox Clearing, LLC ("Velox")** is being subpoenaed to produce documents by **July 14, 2026, at 6:00 P.M. CT**. Plaintiff Kingbird Ventures, LLC ("Kingbird") commands **Velox** to produce documents at Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, Texas 75201 or via digital service to Kingbird's counsel of record Tiffany H. Eggers at TEggers@dykema.com. The documents to be produced are identified in Attachment A to the attached Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action ("Document Subpoena").

1

Dated this 5th day of July 2026.

**DYKEMA GOSSETT PLLC**

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Attorney in Charge for Plaintiff
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: (214) 462-6400/ F: (214) 462-6401
TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, a true and correct copy of the foregoing document was emailed to Defendants Inno Holdings and Ding Wei's counsel at amy.hefley@bakerbotts.com, jim.beha@bakerbotts.com, anthony.lucisano@bakerbotts.com, david.sterling@bakerbotts.com.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:26-CV-5000 |
| INNO HOLDINGS INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Velox Clearing, LLC, Custodian of Records

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 TEggers@dykema.com / 850-565-6310 | Date and Time: 07/14/2026 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       07/06/2026

CLERK OF COURT

                                                                    OR

_____                    /s/ Tiffany H. Eggers
*Signature of Clerk or Deputy Clerk*                    _____
                                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kingbird Ventures, LLC _____ , who issues or requests this subpoena, are:

Tiffany H. Eggers, Dykema Gossett PLLC, 1717 Main Street, Suite 4200, Dallas, TX 75201, TEggers@dykema.com, 21

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:26-CV-5000

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A**

A.      The definitions as set forth in the Federal Rules of Civil Procedure. As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.      "Action" means the above-captioned civil action, *Kingbird Ventures LLC v. Inno Holdings Inc., et al.*, 3:26-CV-5000, pending in the United States District Court for the Southern District of Texas, Houston Division.

C.      "Communicate" or "communication" means all written communications, including but not limited to emails, text messages, WhatsApp messages, social media posts, social media direct messages, and any other written communications.

D.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

E.      "Defendants" means Inno Holdings Inc., Ding Wei, Prince Holding Group and its successors and affiliated entities, Chen Zhi a/k/a "Vincent," and John Doe a/k/a "Mr. Li," and each of their officers, directors, employees, agents, affiliates, nominees, and representatives.

F.      "Document" or "Documents" includes all writings, recordings, graphs, charts, photographs, sound recordings, images, and electronically stored information.

G.      "Electronically Stored Information" or "ESI" includes all forms of electronically stored data, including but not limited to emails, text messages, instant messages, messaging applications, social media content, word-processing documents, spreadsheets, presentations, databases, and associated metadata.

H.      "INHD" means the common stock of Inno Holdings Inc. (Nasdaq: INHD) and any securities, instruments, or derivatives relating thereto.

3

I.     "Locate" means any record reflecting the identification or confirmation of available shares of INHD for short sale, including any electronic or manual locate, borrow authorization, or availability confirmation, however denominated.

J.     "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or commercial entity.

K.     "Plaintiff" means Kingbird Ventures LLC.

L.     "Prince Group" means Prince Holding Group, its Chairman Chen Zhi a/k/a "Vincent," and any affiliated, subsidiary, successor, or related entity, including any entity or individual acting on behalf of or under the direction of Prince Holding Group or Chen Zhi.

M.     "Regulation SHO" means Securities and Exchange Commission Regulation SHO, 17 C.F.R. § 242.200 et seq., including all locate, short sale, close-out, and threshold securities list requirements thereunder.

N.     "Short Position" means Plaintiff's short position in INHD common stock established on or about June 8, 2026, and maintained through the date of production.

O.     "Stock Loan" means any transaction, agreement, or arrangement pursuant to which shares of INHD were borrowed, lent, located, transferred, or made available for short sale, including any master securities lending agreement, securities lending confirmation, or related instrument.

P.     "T12 Halt" means the Nasdaq trading halt under Code T12 imposed on INHD common stock on or about June 8, 2026, at approximately 5:18 p.m. Eastern Time, and any continuation, extension, or modification thereof.

Q.     "You" or "Your" refers to the subpoenaed entity, its officers, directors, employees, agents, affiliates, predecessors, successors, and all persons acting on its behalf.

4

## INSTRUCTIONS

1.      Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure.

2.      The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3.      Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4.      If any portion of any document is responsive to any Request, the entire document shall be produced.

5.      If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6.      The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

a.      That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

5

b. That all pages now stapled or fastened together be produced stapled or fastened together; and

c. That all documents which cannot be legibly copied be produced in their original form.

7. If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a. date of document;

b. description of document (i.e., letter, memorandum);

c. author of document;

d. signer of document (including entity with which such signer is affiliated);

e. recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f. the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g. subject matter of document;

h. number of pages;

i. attachments or appendices or enclosures;

j. nature of privilege claimed; and

k. present physical location of document.

## GENERAL PRODUCTION FORMAT

Pursuant to Fed. R. Civ. P. 45(e), Responding Party "must produce [the records] as they are kept in the ordinary course of business or must organize and label them to correspond to the categories" in the subpoena. All Electronically Stored Information ("ESI") shall be produced in accordance with the following specifications:

1.   **Image Format.** Documents shall be produced as single-page TIFF images, in 1-bit black and white, Group IV format, at 300 DPI resolution. Where color is necessary to convey the meaning or content of a document, the Producing Party shall provide single-page JPEG format images.

2.   **Bates Numbering.** Each page of every produced document shall bear a unique Bates number. Bates numbers shall be applied consistently and sequentially throughout the production.

3.   **OCR / Text Files.** The Producing Party shall provide document-level OCR text for all produced documents. Where redactions have been applied to a document, the Producing Party shall provide re-OCR'd text files of the redacted version of the document. Text shall be provided as document-level, per-file deliverables.

4.   **Load Files.** The Producing Party shall provide standard load files compatible with common review platforms (e.g., Relativity, Summation, Concordance, Ringtail), including .dii, .opt, .lfp, and .mdb files as applicable. A DAT or CSV file shall accompany each production and shall contain the metadata fields specified in Section III of this Order.

5.   **Required Metadata Fields -** Each record shall include all underlying metadata.

6.   **Native File Productions -** Where documents are to be produced in native format (e.g., Excel spreadsheets, PowerPoint presentations, Access databases, or other files for which

TIFF imaging would not reasonably preserve the document's content or usability), the Producing Party shall provide a placeholder TIFF image along with the native file. The native file shall be named by its assigned Bates number.

## **DOCUMENT REQUESTS**

1.      All records that identify any lenders, counterparties, sources, and/or entities from which INHD shares were located, loaned, facilitated, borrowed, or used to cover short positions between June 1, 2026 and July 2, 2026 (or any extension of that period). Such records shall include:

a.      The identity of any lenders, counterparties, sources, or entities involved in locating, lending, facilitating, or borrowing INHD shares, including any trading activity related to INHD;

b.      The amounts, share prices, and dates of all short positions in INHD (including proprietary and customer accounts) and related trading activity;

c.      The interest rates, stock loan rebates (exclusive of any markups), and borrow fees paid or received on INHD positions; and

d.      The location (including entity name, bank account number, and routing number) to which any interest, borrow fees, or rebates related to Plaintiff's positions or INHD were transferred or credited by Velox Trading or its affiliates.

2.      All documents, contracts, agreements, master securities lending agreements (MSLAs), or other arrangements between Velox Trading (or its affiliates) and any third-party lender, counterparty, broker, or entity concerning the lending, borrowing, or location of INHD shares, regardless of the date executed.

3.      All order and trade data for INHD, including (but not limited to) records reflecting the original order, modifications, cancellations, and trade executions, with all required details such

as: order type (sell short, long, buy-to-cover, etc.), agency or principal capacity, solicited/unsolicited status, all timestamps (order entry, routing, execution, reporting), executing venue, and clearing information.

4.    All stock locate records for INHD, including (but not limited to) records reflecting locates provided by the stock loan desk (or clearing desk) for short sales, the locate requests submitted by the trade originator or introducing broker, the time of entry, quantity located, source of locate, and expiration time or duration of availability.

5.    All affirmative determination records for INHD, including (but not limited to) records reflecting the affirmative determination as to the location or availability of shares for long sales or any other transactions requiring such determination under Regulation SHO or internal policies.

6.    All stock record or position records for INHD maintained by Velox Trading, including (but not limited to) daily positions and control locations for all accounts (firm proprietary, customer, operations, fail-to-deliver, fail-to-receive, suspense, and any other accounts). These records shall reflect the full daily two-sided debit/credit balancing of INHD shares.

7.    All stock record debit/credit journals for INHD, including (but not limited to) journal records reflecting both the debit and credit sides of non-trade movements of cash and securities between stock record accounts. These records shall show offsetting entries.

8.    All stock loan and borrow records for INHD, including (but not limited to) records reflecting the borrowing and lending of INHD shares, the borrow/lend rate, date the loan or borrow was initiated, close-out or return date, collateral posted, any recalls, and the full accounting of the

source of the borrowed shares (including links back to customer accounts, proprietary accounts, or other sources).

9.      All records reflecting fail-to-deliver or fail-to-receive positions in INHD, including CNS and non-CNS fails, buy-in notices, mandatory close-outs, and any related resolution or settlement activity from June 1, 2026 through the present.

10.      All clearing, settlement, and NSCC/DTC reports or data feeds related to INHD processed by Velox Trading, including daily clearing summaries, settlement instructions, and any exception or manual processing records.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company, <br>     *Plaintiff*, <br><br> v. <br><br> INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals, <br>     *Defendants.* | § <br> § <br> § <br> § <br> §    CASE NUMBER 4:26-CV-5000 <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## NOTICE OF SUBPOENA OF VSTOCK TRANSFER, LLC
## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, **VStock Transfer, LLC ("VStock")** is being subpoenaed to produce documents by **July 14, 2026, at 6:00 P.M. CT**. Plaintiff Kingbird Ventures, LLC ("Kingbird") commands **VStock** to produce documents at Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, Texas 75201 or via digital service to Kingbird's counsel of record Tiffany H. Eggers at TEggers@dykema.com. The documents to be produced are identified in Attachment A to the attached Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action ("Document Subpoena").

1

Dated this 5th day of July 2026.                    **DYKEMA GOSSETT PLLC**

                                                    */s/ Tiffany H. Eggers*
                                                    TIFFANY H. EGGERS
                                                    Florida Bar No. 0193968
                                                    Texas Bar No. 24151965
                                                    SDTX Federal Bar No. 3934304
                                                    Attorney in Charge for Plaintiff
                                                    1717 Main Street, Suite 4200
                                                    Dallas, Texas 75201
                                                    T: (214) 462-6400/ F: (214) 462-6401
                                                    TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, a true and correct copy of the foregoing document was emailed to Defendants Inno Holdings and Ding Wei's counsel at amy.hefley@bakerbotts.com, jim.beha@bakerbotts.com, anthony.lucisano@bakerbotts.com, david.sterling@bakerbotts.com.

                                                    */s/ Tiffany H. Eggers*
                                                    TIFFANY H. EGGERS

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| KINGBIRD VENTURES LLC, | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  4:26-CV-5000 |
| INNO HOLDINGS INC., et al. | ) |
| | ) |
| _Defendant_ | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: VStock Transfer, LLC, Custodian of Records

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 TEggers@dykema.com / 850-565-6310 | Date and Time: 07/14/2026 6:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/06/2026

_CLERK OF COURT_

OR

_____                    /s/ Tiffany H. Eggers
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Kingbird Ventures, LLC _____ , who issues or requests this subpoena, are:

Tiffany H. Eggers, Dykema Gossett PLLC, 1717 Main Street, Suite 4200, Dallas, TX 75201, TEggers@dykema.com, 21

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:26-CV-5000

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

A.      The definitions as set forth in the Federal Rules of Civil Procedure. As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.      "Action" means the above-captioned civil action, *Kingbird Ventures LLC v. Inno Holdings Inc., et al.*, 3:26-CV-5000, pending in the United States District Court for the Southern District of Texas, Houston Division.

C.      "Communicate" or "communication" means all written communications, including but not limited to emails, text messages, WhatsApp messages, social media posts, social media direct messages, and any other written communications.

D.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

E.      "Defendants" means Inno Holdings Inc., Ding Wei, Prince Holding Group and its successors and affiliated entities, Chen Zhi a/k/a "Vincent," and John Doe a/k/a "Mr. Li," and each of their officers, directors, employees, agents, affiliates, nominees, and representatives.

F.      "Document" or "Documents" includes all writings, recordings, graphs, charts, photographs, sound recordings, images, and electronically stored information.

G.      "Electronically Stored Information" or "ESI" includes all forms of electronically stored data, including but not limited to emails, text messages, instant messages, messaging applications, social media content, word-processing documents, spreadsheets, presentations, databases, and associated metadata.

H.      "INHD" means the common stock of Inno Holdings Inc. (Nasdaq: INHD) and any securities, instruments, or derivatives relating thereto.

I.  "Locate" means any record reflecting the identification or confirmation of available shares of INHD for short sale, including any electronic or manual locate, borrow authorization, or availability confirmation, however denominated.

J.  "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or commercial entity.

K.  "Plaintiff" means Kingbird Ventures LLC.

L.  "Prince Group" means Prince Holding Group, its Chairman Chen Zhi a/k/a "Vincent," and any affiliated, subsidiary, successor, or related entity, including any entity or individual acting on behalf of or under the direction of Prince Holding Group or Chen Zhi.

M.  "Regulation SHO" means Securities and Exchange Commission Regulation SHO, 17 C.F.R. § 242.200 et seq., including all locate, short sale, close-out, and threshold securities list requirements thereunder.

N.  "Short Position" means Plaintiff's short position in INHD common stock established on or about June 8, 2026, and maintained through the date of production.

O.  "Stock Loan" means any transaction, agreement, or arrangement pursuant to which shares of INHD were borrowed, lent, located, transferred, or made available for short sale, including any master securities lending agreement, securities lending confirmation, or related instrument.

P.  "T12 Halt" means the Nasdaq trading halt under Code T12 imposed on INHD common stock on or about June 8, 2026, at approximately 5:18 p.m. Eastern Time, and any continuation, extension, or modification thereof.

Q.  "You" or "Your" refers to the subpoenaed entity, its officers, directors, employees, agents, affiliates, predecessors, successors, and all persons acting on its behalf.

4

## INSTRUCTIONS

1.      Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure.

2.      The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3.      Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4.      If any portion of any document is responsive to any Request, the entire document shall be produced.

5.      If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6.      The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

a.      That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

5

b.      That all pages now stapled or fastened together be produced stapled or fastened together; and

c.      That all documents which cannot be legibly copied be produced in their original form.

7.      If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a.      date of document;

b.      description of document (i.e., letter, memorandum);

c.      author of document;

d.      signer of document (including entity with which such signer is affiliated);

e.      recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f.      the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g.      subject matter of document;

h.      number of pages;

i.      attachments or appendices or enclosures;

j.      nature of privilege claimed; and

k.      present physical location of document.

6

## <u>GENERAL PRODUCTION FORMAT</u>

Pursuant to Fed. R. Civ. P. 45(e), Responding Party "must produce [the records] as they are kept in the ordinary course of business or must organize and label them to correspond to the categories" in the subpoena. All Electronically Stored Information ("ESI") shall be produced in accordance with the following specifications:

1.     **Image Format.** Documents shall be produced as single-page TIFF images, in 1-bit black and white, Group IV format, at 300 DPI resolution. Where color is necessary to convey the meaning or content of a document, the Producing Party shall provide single-page JPEG format images.

2.     **Bates Numbering.** Each page of every produced document shall bear a unique Bates number. Bates numbers shall be applied consistently and sequentially throughout the production.

3.     **OCR / Text Files.** The Producing Party shall provide document-level OCR text for all produced documents. Where redactions have been applied to a document, the Producing Party shall provide re-OCR'd text files of the redacted version of the document. Text shall be provided as document-level, per-file deliverables.

4.     **Load Files.** The Producing Party shall provide standard load files compatible with common review platforms (e.g., Relativity, Summation, Concordance, Ringtail), including .dii, .opt, .lfp, and .mdb files as applicable. A DAT or CSV file shall accompany each production and shall contain the metadata fields specified in Section III of this Order.

5.     **Required Metadata Fields -** Each record shall include all underlying metadata.

6.     **Native File Productions -** Where documents are to be produced in native format (e.g., Excel spreadsheets, PowerPoint presentations, Access databases, or other files for which

TIFF imaging would not reasonably preserve the document's content or usability), the Producing Party shall provide a placeholder TIFF image along with the native file. The native file shall be named by its assigned Bates number.

**DOCUMENT REQUESTS**

1.    All records identifying the registered owners (record holders) of INHD common stock from June 1, 2026 through the present, including:

a.    The full name, address, and account number (or other identifying information) of every registered shareholder;

b.    The number of shares held by each registered shareholder on a daily or periodic basis;

c.    Any changes in registered ownership, including transfers, issuances, cancellations, or re-issuances of shares.

2.    All transfer journals, transfer history records, and documents reflecting the movement or transfer of INHD common stock between registered owners from June 1, 2026 through the present. This includes the date of each transfer, the number of shares transferred, the identity of the transferor and transferee, and any supporting documentation (e.g., stock powers, medallion guarantees, or legends).

3.    All records reflecting the total number of shares of INHD common stock issued and outstanding on a daily or periodic basis from June 1, 2026 through the present, including any reconciliations between the transfer agent's records and DTC's position.

4.    All records of share issuance, cancellation, or re-issuance of INHD common stock from June 1, 2026 through the present, including the dates, quantities, and reasons for each

8

action (e.g., new issuances, exercises of warrants/options, conversions, or cancellations due to lost certificates).

5.      All records reflecting any restricted or legend status on INHD shares, including the placement or removal of legends/restrictions from June 1, 2026 through the present, and any related correspondence or documentation.

6.      All records reflecting any communications between VStock Transfer and DTC, NSCC, or any DTC participant concerning INHD share counts, position reconciliation, or settlement issues from June 1, 2026 through the present.

7.      All stock record or position records maintained by VStock for INHD, including any daily or periodic reports showing the aggregate shares held in street name (via DTC) versus registered form, and any suspense, control, or fail accounts.

8.      All documents, agreements, or contracts between VStock Transfer and any third party (including DTC, issuers, or agents) relating to the maintenance, transfer, or reconciliation of INHD shares from June 1, 2026 through the present.

9.      All records reflecting any corporate actions, dividends, or other distributions related to INHD from June 1, 2026 through the present, including how such actions were processed with respect to registered versus beneficial owners.

10.     All internal policies, procedures, or guidelines used by VStock Transfer regarding the processing of transfers, issuance of shares, or reconciliation of share counts for INHD during the relevant period.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, a foreign limited liability company, *Plaintiff*, | § § § § | **CASE NUMBER 4:26-CV-5000** |
| v. | § § § | |
| INNO HOLDINGS INC., a Texas corporation; DING WEI, an individual; PRINCE HOLDING GROUP, a Cambodian corporation, and its successor and affiliated entities; CHEN ZHI, a/k/a "VINCENT," an individual; JOHN DOE, a/k/a "MR. LI," an individual, and JOHN DOES 1-10, individuals, *Defendants.* | § § § § § § § § § § | |

**NOTICE OF SUBPOENA OF WEDBUSH SECURITIES, INC.,**
**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, **Wedbush Securities, Inc.** ("**Wedbush**") is being subpoenaed to produce documents by **July 14, 2026, at 6:00 P.M. CT**. Plaintiff Kingbird Ventures, LLC ("Kingbird") commands **Wedbush** to produce documents at Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, Texas 75201 or via digital service to Kingbird's counsel of record Tiffany H. Eggers at TEggers@dykema.com. The documents to be produced are identified in Attachment A to the attached Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action ("Document Subpoena").

1

Dated this 5th day of July 2026.          **DYKEMA GOSSETT PLLC**

                                         */s/ Tiffany H. Eggers*
                                         TIFFANY H. EGGERS
                                         Florida Bar No. 0193968
                                         Texas Bar No. 24151965
                                         SDTX Federal Bar No. 3934304
                                         Attorney in Charge for Plaintiff
                                         1717 Main Street, Suite 4200
                                         Dallas, Texas 75201
                                         T: (214) 462-6400/ F: (214) 462-6401
                                         TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, a true and correct copy of the foregoing document was emailed to Defendants Inno Holdings and Ding Wei's counsel at amy.hefley@bakerbotts.com, jim.beha@bakerbotts.com, anthony.lucisano@bakerbotts.com, david.sterling@bakerbotts.com.

                                         */s/ Tiffany H. Eggers*
                                         TIFFANY H. EGGERS

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
## for the
Southern District of Texas

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:26-CV-5000 |
| INNO HOLDINGS INC., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Wedbush Securities, Inc., Custodian of Records

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A

| Place: Dykema Gossett PLLC, Comerica Bank Tower, 1717 Main Street, Suite 4200, Dallas, TX 75201 TEggers@dykema.com / 850-565-6310 | Date and Time: 07/14/2026 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/06/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Tiffany H. Eggers |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kingbird Ventures, LLC                                                              , who issues or requests this subpoena, are:

 Tiffany H. Eggers, Dykema Gossett PLLC, 1717 Main St, Ste. 4200, Dallas, TX 75201, TEggers@dykema.com, 850-565-6310

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:26-CV-5000

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

A.      The definitions as set forth in the Federal Rules of Civil Procedure. As such, a draft or non-identical copy is a separate document within the meaning of the Definitions.

B.      "Action" means the above-captioned civil action, *Kingbird Ventures LLC v. Inno Holdings Inc., et al.*, 3:26-CV-5000, pending in the United States District Court for the Southern District of Texas, Houston Division.

C.      "Communicate" or "communication" means all written communications, including but not limited to emails, text messages, WhatsApp messages, social media posts, social media direct messages, and any other written communications.

D.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, or constituting.

E.      "Defendants" means Inno Holdings Inc., Ding Wei, Prince Holding Group and its successors and affiliated entities, Chen Zhi a/k/a "Vincent," and John Doe a/k/a "Mr. Li," and each of their officers, directors, employees, agents, affiliates, nominees, and representatives.

F.      "Document" or "Documents" includes all writings, recordings, graphs, charts, photographs, sound recordings, images, and electronically stored information.

G.      "Electronically Stored Information" or "ESI" includes all forms of electronically stored data, including but not limited to emails, text messages, instant messages, messaging applications, social media content, word-processing documents, spreadsheets, presentations, databases, and associated metadata.

H.      "INHD" means the common stock of Inno Holdings Inc. (Nasdaq: INHD) and any securities, instruments, or derivatives relating thereto.

3

I.      "Locate" means any record reflecting the identification or confirmation of available shares of INHD for short sale, including any electronic or manual locate, borrow authorization, or availability confirmation, however denominated.

J.      "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or commercial entity.

K.      "Plaintiff" means Kingbird Ventures LLC.

L.      "Prince Group" means Prince Holding Group, its Chairman Chen Zhi a/k/a "Vincent," and any affiliated, subsidiary, successor, or related entity, including any entity or individual acting on behalf of or under the direction of Prince Holding Group or Chen Zhi.

M.      "Regulation SHO" means Securities and Exchange Commission Regulation SHO, 17 C.F.R. § 242.200 et seq., including all locate, short sale, close-out, and threshold securities list requirements thereunder.

N.      "Short Position" means Plaintiff's short position in INHD common stock established on or about June 8, 2026, and maintained through the date of production.

O.      "Stock Loan" means any transaction, agreement, or arrangement pursuant to which shares of INHD were borrowed, lent, located, transferred, or made available for short sale, including any master securities lending agreement, securities lending confirmation, or related instrument.

P.      "T12 Halt" means the Nasdaq trading halt under Code T12 imposed on INHD common stock on or about June 8, 2026, at approximately 5:18 p.m. Eastern Time, and any continuation, extension, or modification thereof.

Q.      "You" or "Your" refers to the subpoenaed entity, its officers, directors, employees, agents, affiliates, predecessors, successors, and all persons acting on its behalf.

4

## INSTRUCTIONS

1.      Each Request is to be responded to in accordance with the Federal Rules of Civil Procedure.

2.      The Requests are to be regarded as continuing in nature, so that further, more complete and supplemental responses shall be timely served if you obtain further, more complete, or new information or documents prior to the final disposition of this action.

3.      Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular Request or the subject matter thereof.

4.      If any portion of any document is responsive to any Request, the entire document shall be produced.

5.      If any of these Requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what information, knowledge or belief you have concerning the unproduced portion. You then have a continuing obligation to make efforts to produce the remaining documents.

6.      The documents produced in response to these Requests shall be either organized and designated to correspond to the categories in the Requests, or produced in a form that accurately reflects how they are maintained by the producing party in the normal course of business, including but not limited to, the following:

a.      That all associated file labels, file headings and file folders be produced together with the responsive documents from each file and that each file be identified as to its owner or custodian;

5

b.       That all pages now stapled or fastened together be produced stapled or fastened together; and

c.       That all documents which cannot be legibly copied be produced in their original form.

7.       If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document in compliance with the Local Rules, the Court's Rules and as follows:

a.       date of document;

b.       description of document (i.e., letter, memorandum);

c.       author of document;

d.       signer of document (including entity with which such signer is affiliated);

e.       recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

f.       the name, address, and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

g.       subject matter of document;

h.       number of pages;

i.       attachments or appendices or enclosures;

j.       nature of privilege claimed; and

k.       present physical location of document.

**GENERAL PRODUCTION FORMAT**

Pursuant to Fed. R. Civ. P. 45(e), Responding Party "must produce [the records] as they are kept in the ordinary course of business or must organize and label them to correspond to the categories" in the subpoena. All Electronically Stored Information ("ESI") shall be produced in accordance with the following specifications:

1.      **Image Format.** Documents shall be produced as single-page TIFF images, in 1-bit black and white, Group IV format, at 300 DPI resolution. Where color is necessary to convey the meaning or content of a document, the Producing Party shall provide single-page JPEG format images.

2.      **Bates Numbering.** Each page of every produced document shall bear a unique Bates number. Bates numbers shall be applied consistently and sequentially throughout the production.

3.      **OCR / Text Files.** The Producing Party shall provide document-level OCR text for all produced documents. Where redactions have been applied to a document, the Producing Party shall provide re-OCR'd text files of the redacted version of the document. Text shall be provided as document-level, per-file deliverables.

4.      **Load Files.** The Producing Party shall provide standard load files compatible with common review platforms (e.g., Relativity, Summation, Concordance, Ringtail), including .dii, .opt, .lfp, and .mdb files as applicable. A DAT or CSV file shall accompany each production and shall contain the metadata fields specified in Section III of this Order.

5.      **Required Metadata Fields -** Each record shall include all underlying metadata.

6.      **Native File Productions -** Where documents are to be produced in native format (e.g., Excel spreadsheets, PowerPoint presentations, Access databases, or other files for which

7

TIFF imaging would not reasonably preserve the document's content or usability), the Producing Party shall provide a placeholder TIFF image along with the native file. The native file shall be named by its assigned Bates number.

## DOCUMENT REQUESTS

1.  All records that identify any lenders, counterparties, sources, and/or entities from which the **INHD** shares were "located," loaned, facilitated, and/or borrowed by **Wedbush** to cover the Short Positions facilitated directly or indirectly by **Wedbush** between June 1, 2026 and July 2, 2026, and the trading activity of **INHD**.  Said records and documents shall include the following specific information:

    a.  The identity of any lenders, counterparties, sources, and/or entities that shares were "located," loaned, facilitated, and/or borrowed, and the trading activity of **INHD**;

    b.  The information concerning the amounts, share price, and date of all Short Positions taken by **all individuals and entities** that took a short position on **INHD**, and the trading activity of **INHD**;

    c.  The interest rates and/or stock loan rebates exclusive of any markups taken for all Short Positions paid and/or received on **INHD** and the trading activity; and

    d.  The location (including entity, bank account, and routing number) that Plaintiff's interest and borrow fees are being transferred to by **Wedbush**.

2.  The documents, contracts, and agreements entered into between **Wedbush** and **Cobra Trading, Inc.** ("**Cobra**") for **Wedbush** to act as a clearing agent for **Cobra**, regardless of date executed.

8

3.      The documents, contracts, and agreements entered into between **Wedbush** and any third-party lender, counterparty, or entity from which **Wedbush** obtained the locates for Plaintiff and any other individual/entity for **INHD** shares, regardless of date executed.

4.      Order and Trade data for **INHD**: Should include, but not be limited to records reflecting the original order and subsequent changes and/or trade executions with all the required information (i.e: sell short, agency/principal, Solicited/unsolicited, all timestamps, etc.)

5.      Stock Locate records for **INHD**: Should include, but not be limited to records reflecting the stock locates provided by the stock loan desk on short sales and the required documents reflecting the locate requested by the trade originator. These records should include the time of entry and in the case of locates, the expiration time of the availability of the stock to be borrowed.

6.      Affirmative Determination records for **INHD**: Should include, but not be limited to records reflecting affirmative determination as to the location of the stock being sold as required in a long sale.

7.      Stock Record for **INHD**: Should include, but not be limited to records reflecting the daily positions and control locations of all accounts within the firm for **INHD** (i.e. firm, control, operations, customer, fail, suspense accounts etc.). These records would reflect the full daily two-sided debit/credit balancing of **INHD**.

8.      Stock Record Debit/Credit Journals for **INHD**: Should include, but not be limited to journal records reflecting both the debit and credit non-trade movements of cash and securities between stock record accounts for **INHD**. These records should reflect both the debit and credit sides in a single offsetting entry.

9

9.      Stock Loan/Borrow records for **INHD**: Should include, but not be limited to records that reflect the borrowing and lending of **INHD**, including the borrow/lend rate, the date of the loan or borrow and the closeout date. These records should also include any and all records that source the borrow or loans back to customer accounts or other source accounts with a full accounting of the **INHD** stock movements.