**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NUMBER 4:26-CV-5000 |
| | § | |
| INNO HOLDINGS INC., et al. | § | |
| *Defendants.* | § | |

**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO SERVE THIRD-PARTY**
**SUBPOENAS IN ADVANCE OF PARTIES' 26(f) CONFERENCE**
**WITH EXPEDITED RESPONSE TIME**

Plaintiff Kingbird Ventures LLC ("Kingbird" or "Plaintiff"), by and through its undersigned counsel, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 26(d)(1) and 45, for leave to serve nine third-party Subpoenas on the following entities: AC Sunshine Securities LLC ("AC Sunshine"); Cobra Trading, Inc. ("Cobra"); Depository Trust & Clearing Corporation ("DTCC"); Financial Industry Regulatory Authority, Inc. ("FINRA"); Nasdaq, Inc. ("Nasdaq"); Velocity Clearing, LLC ("Velocity"); Velox Clearing LLC ("Velox"); VStock Transfer, LLC ("VStock"); and Wedbush Securities, Inc. ("Wedbush"), each of which is a non-party to this action. The requested Subpoenas seek documents and electronically stored information that is directly relevant to Plaintiff's claims and the Preliminary Injunction being sought by Plaintiff and is proportional to the needs of this case. The requested discovery is narrowly tailored to impose no undue burden on the third parties and cannot be obtained from other sources. In support of his Motion, Plaintiff states as follows:

**I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

This action arises from a coordinated securities fraud and market manipulation scheme involving the securities Inno Holdings Inc. (Nasdaq: INHD) that has caused Plaintiff severe,

immediate, and ongoing irreparable harm at rates as high as approximately 600% per annum. On June 24, 2026, Plaintiff filed a 5-count Complaint alleging securities fraud, violation of Texas's Deceptive Trade Practices-Consumer Protection Act, and Civil Conspiracy. (Dkt. 1).

Also on June 24, 2026, Plaintiff filed an Emergency *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery. (Dkt. 2). On June 25, 2026, Senior U.S. District Court Judge Lake entered an order Granting the Temporary Restraining Order ("TRO") and referred Plaintiff's Application for a Preliminary Injunction and Expedited Discovery to Magistrate Judge Bryan. (Dkt. 6 at ¶ 7).[1] The TRO is set to expire on Thursday, July 9, 2026, "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). On July 3, 2026, Plaintiff filed a Motion to Extend the TRO for an additional 14 days, which if granted, will result in a new expiration date of Thursday, July 23, 2026.[2] (Dkt. 25).

Following entry of the TRO, Plaintiff provided copies of the TRO to various entities. Since that time, Plaintiff has been working to try to obtain information from multiple entities regarding Plaintiff's short positions and the thousands upon thousands of dollars in borrow fees being charged. Through those discussions, various entities have indicated a willingness to provide records pursuant to a Subpoena; however, they indicated that they were only able to do so if a Protective Order was in place. On July 2, 2026, Plaintiff filed a Motion for Protective Order, Dkt. 20, and that motion is pending before the Court. Therefore, at this time, Plaintiff files this Emergency Motion for Leave to Serve Third-Party Subpoenas in Advance of Parties' 26(F) Conference with Expedited Response Time (the "Motion").

---

[1] On June 29, 2026, Defendants Inno Holdings and Ding Wei, filed an Emergency Motion to Modify the TRO, Plaintiff filed a Response, and Defendants filed a Reply. (Dkts. 9, 10, & 13). A hearing is scheduled for July 7, 2026, on Defendant's motion. (Dkt. 12). On today's date they filed a Motion to Dissolve the TRO. (Dkt. 26).
[2] In their Motion to Dissolve, Defendants also filed an Opposition to Plaintiff's Motion to Extend. (*Id*.).

## II.     STATEMENT OF FACTS[3]

In summary, the Defendants have engaged in a securities fraud scheme wherein Plaintiff, and other individuals who took a short on INHD, are stuck in limbo paying exorbitant interest and borrow fees on a daily basis because of a T12 Halt caused by the Defendants and other conspirators. More specifically, on June 8, 2026, the Defendants and conspirators executed their scheme in the open market using INHD stock. At the time, reported trading volume in INHD reached approximately 278,900,100 shares, more than sixty times the Issuer's total outstanding shares of 4,520,698, while the actual freely tradeable supply was limited to approximately 410,000 shares that were and are being deliberately withheld from the market by Defendants' conspirators. In a single trading session, INHD's share price was driven from approximately $1.11 at open to approximately $43.37 at its intraday high before closing at approximately $39.49. That is not a market event. It is the signature of a controlled float being used as a trading weapon and a scheme.

Following the close of trading on June 8, 2026, Nasdaq imposed a trading halt under Code T12 (the "T12 Halt"), a halt the Defendants and their conspirators anticipated, precipitated, and have since deliberately prolonged. The T12 Halt, which is now in day 28, is not an obstacle to the Defendants' scheme. *It is a component of it*. By maintaining a halt that prevents short sellers from covering their positions, conspirators, who control the borrowable float, continue to extract borrow fees at rates exceeding 500% per annum. Interest charges on Plaintiff's short position are thousands upon thousands of dollars a day while Plaintiff has no mechanism to close its position. The Defendants' scheme was designed to cause exactly that. This slow bleed is perpetual, causes

---

[3]   The Court is respectfully referred to Plaintiff's Verified Complaint, Dkt. 1, including all exhibits attached thereto, which are incorporated by reference as though fully set forth herein, for a full recitation of the relevant facts and circumstances.

Plaintiff to be associated with the OFAC-sanctioned Defendants and conspirators, destroys the reputation and goodwill of Plaintiff, and risks leaving Plaintiff insolvent.

To date, Plaintiff has been unable to prevent its money that is being held in third-party brokerage companies' bank accounts from being debited for the borrow and interest fees. In light of the ongoing harm these Subpoenas are being requested to not only support the Complaint, but also for use at the hearing on Plaintiff's Motion for Preliminary Injunction.

## III.    STATEMENT OF THE ISSUES

Plaintiff is requesting authorization to serve third-party Subpoenas in advance of the parties' Rule 26(f) conference with expedited response time for the above identified nine entities. Without an order from this Court, Plaintiff will be required to wait until the parties 26(f) conference pursuant Rule 26(d)(1). Plaintiff's need for the information and why it is essential that the information be provided on an expedited basis is discussed below.

## IV.    SUMMARY OF THE ARGUMENT AND ARGUMENT

### A.    Summary of the Argument

Pursuant to Rule 26(d(1), Plaintiff seeks leave to serve third-party Subpoenas on AC Sunshine, Cobra, DTCC, FINRA, Nasdaq, Velocity, Velox, VStock, and Wedbush,[4] for documents essential to its securities fraud and market manipulation claims and to the Preliminary Injunction motion, which must be decided before the TRO expires on July 9 or July 23, 2026. The Subpoenas seek records for the following: locates for Plaintiff's short positions; identity of the recipients of exorbitant borrow fees during the 28-day T12 halt; beneficial ownership records of INHD; communications and documents regarding INHD; and Defendants' responses to Nasdaq—information unavailable from Defendants, that the third-parties will produce only pursuant to

---

[4] Copies of the Subpoenas are attached hereto as **Exhibits B through J**.

Subpoena and the pending Protective Order. These narrowly tailored requests, limited to INHD-specific records maintained in the ordinary course of business, satisfy Rule 26(b)(1) proportionality and the Fifth Circuit's undue-burden factors under *Wiwa* and *Leonard* by imposing minimal compliance costs on the non-parties. Expedited eight-calendar-day responses are requested because Plaintiff suffers daily compounding harm of thousands of dollars in fees while its short position remains locked, and the evidence is needed before the Preliminary Injunction hearing. Granting the motion furthers the Federal Rules' policy goals of accurate fact-finding, proportionality, and placing production burdens on the best-positioned entities, thereby protecting the integrity of this time-sensitive securities litigation.

### B.    Legal Standard and Argument

#### 1.    Legal Standard.

Federal Rule of Civil Procedure 26(d)(1) provides that,

> ***A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)***, except as exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, ***or by court order***.

(emphasis added). Rule 45 governs subpoenas to non-parties. That is, a subpoena must issue from the court where the action is pending and may command a person to produce documents, electronically stored information, or tangible things, or to permit inspection of premises. However, before a subpoena commanding production of documents or electronically stored information is served, notice and a copy of the subpoena must be served on each party.[5] Fed. R. Civ. P. 45(a)(4). The scope of discovery from non-parties is governed by the same relevance and proportionality standards that apply to party discovery under Rule 26(b)(1). That is, discovery is permitted regarding any nonprivileged matter that is relevant to any party's claim or defense and that is

---

[5] Plaintiff served notice on July 5, 2026 via email to counsel for Defendants Inno Holdings and Wei.

proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

However, a court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(iv). To determine whether a subpoena presents an undue burden, courts consider: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022). When the subpoena is directed to a non-party, the court must be particularly sensitive to the non-party's compliance costs. *Leonard*, 38 F.4th at 489.

2. *Argument*

The records requested in the third-party Subpoenas are directly relevant to not only the Complaint, Dkt. 1, but also the ongoing harm to Plaintiff that has now been occurring for 28 days, which will further support Plaintiff's request for a Preliminary Injunction that must be entered by July 23, 2026, if the Court grants Plaintiff's Motion to Extend. (Dkt. 25). If the Motion to Extend is denied, then a Preliminary Injunction must issue on or before July 9, 2026—the date the TRO expires. (Dkt. 6). A description of the third-party Subpoenas Plaintiff seeks are listed in Exhibit A to this motion, and copies of the Notices of Subpoenas are attached hereto as Exhibit B through J.

Again, to date, multiple entities have indicated a willingness to comply with Subpoenas issued by this Court so long as a Protective Order is entered because of the nature of the information held by them, which includes confidential and proprietary information. It was for that

reason, that Plaintiff preemptively filed a Motion for Protective Order, which is pending the Court's consideration. (Dkt. 20). The third-party Subpoenas Plaintiff requests each meet the criteria to be considered by a Court so as not to impose an undue burden.

*The records sought in are relevant to the Complaint, the TRO, and Plaintiff's Motion for the Preliminary Injunction* - The first factor in the undue burden analysis is the relevance of the information requested. *Wiwa,* 392 F.3d at 818. Here, the information sought from each of these entities goes to the heart of the claims in Plaintiff's Complaint and the ongoing harm and danger to Plaintiff. That is, these records will show: (a) where the locates were obtained from by Plaintiff's brokerage firms (meaning whose stocks were being used for Plaintiff's short position); (b) the entities who are receiving the borrow and interest fees being deducted from Plaintiff's brokerage accounts; (c) the identities of the individuals/entities that have a beneficial ownership in and control of INHD; and (d) what actions, if any, Defendants Inno Holdings and Wei[6] have taken to satisfy the questions being asked by Nasdaq to end the 28-day long T12 Halt. "Relevance is measured according to Fed. R. Civ. Pro. 26(b)(1)." *Leonard v. Martin*, 38 F.4th at 489. The information is relevant if it "encompass[es] any matter[s] that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (internal quotation omitted) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). The relevance factor weighs strongly in favor of permitting the requested discovery.

*Plaintiff's need for the documents and records is great* – The second factor examines how great a movant's need for the documents is. *Wiwa,* 392 F.3d at 818. Plaintiff has a substantial need

---

[6] Plaintiff served its first Discovery request for this information on July 2, 2026, with expedited production, pursuant to the Court's entry of an Order authorizing such, Dkt. 23. However, since that time Defendants have indicated they intend to file a motion for reconsideration of the Court's Order.

for the records because without the information it is forced to primarily rely upon publicly available information, which circumstantially shows the scheme perpetrated by Defendants, but nonetheless leaves Plaintiff with only that circumstantial evidence and evidence of statements made by conspirators. Plaintiff has made diligent efforts to request records from multiple of the third-parties. And while some have indicated a willingness to assist, they have explained they are only able to do so pursuant to a Subpoena. Presumably, Defendant Inno Holdings has some, but likely not all, of the information sought from the third-parties. Nonetheless, with regard to the information that may overlap, Inno Holdings has filed a Motion for Reconsideration of the Court's Order authorizing the limited T12 Halt information sought. (Dkts. 23 & 27).

*The records requested are appropriately tailored in breadth, scope, and particularity* - The third, fourth, and fifth factors consider the breadth of the document request, the time period covered, and the particularity with which the requesting party describes the documents. *Id*. These three factors ensure that subpoenas to non-parties are carefully limited to avoid imposing unnecessary burdens on non-parties. A review of the chart above and the Subpoenas attached as Exhibits B through J show that other than essentially contracts and overall records regarding INHD, the time periods covered are approximately two months. Regardless, the records sought are specifically limited to Inno Holdings and INHD stock.

*The burden imposed upon the third parties is minimal because most of the records sought are kept in the normal course of business and must kept under applicable rules and regulations* - The sixth factor examines the burden imposed on the non-party. *Id.* Here, the burden on the nine entities is minimal because, first, the records requested are business records the entities maintain in the normal course of business and many of which must be maintained under the applicable rules and regulations, and second the requests are limited in number and scope. And, to the extent the

third-parties have confidentiality concerns, that has already been addressed pursuant to Plaintiff's pending Motion for Protective Order. (Dkt. 20).

And finally, although not an undue burden factor, policy considerations support permitting the requested third-party Subpoenas on an expedited basis in this case. That is, the Federal Rules of Civil Procedure establish a broad scope of discovery to enable parties to obtain the information necessary to prove their claims and defenses. Fed. R. Civ. P. 26(b)(1). While courts protect non-parties from undue burden, they also recognize that non-party discovery serves important truth-seeking and adjudicative functions. Permitting the requested Subpoenas serves several policy interests. First, it promotes the accurate resolution of disputes by ensuring that Plaintiff has access to material evidence. *Id.* Second, it furthers the principle of proportionality by limiting discovery to what is genuinely needed. *JP Morgan Chase Bank, N.A. v. Datatreasury Corp.*, 936 F.3d 251, 259-60 (5th Cir. 2019). Third, it places the minimal burden of production on the entity best positioned to produce the materials—the entity that created and maintains them. Denying the motion, by contrast, would undermine these policies. That is, Plaintiff would be forced to proceed without critical evidence and to rely upon circumstantial evidence and statements made by conspirators. The inability to obtain discovery from the third-party sources of relevant information would compromise the integrity of the adjudicative process. Based upon the aforementioned, Plaintiff requests authorization to issue the third-party Subpoenas attached hereto with expedited return.

### C.    Expedited Consideration is Requested

Plaintiff respectfully requests that the Court consider this Motion on an expedited basis and enter an Order authorizing the third-party Subpoenas without delay, with **eight calendar day return time**. The harm to Plaintiff is daily and compounding. Without these Subpoenas and an

expedited response time, Plaintiff's ability to pursue the Complaint filed in this case, to end the ongoing harm Plaintiff suffers, which only this Court can prevent through the TRO and a Preliminary Injunction (outside of additional regulatory intervention), will be jeopardized.

## V.      CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court enter a proposed Order in the form attached as **Exhibit K**, or in such other form as the Court deems just and appropriate, and/or grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERENCE

This Motion is not directed at the Defendants in this case. Nonetheless, on today's date undersigned sent counsel for Defendants Inno Holdings and Wei notice of Plaintiff's intent to seek the relief requested and asked for their position. Defendants indicated that they are opposed.[7]

Dated this 6th day of July 2026.                 **DYKEMA GOSSETT PLLC**

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Attorney in Charge for Plaintiff
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: (214) 462-6400/ F: (214) 462-6401
TEggers@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, a true and correct copy of the foregoing document was transmitted via the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS

---

[7] Pursuant to Fed. R. Civ. P. 45(a)(4), the undersigned counsel certifies that on Sunday, July 5, 2026, Notices of the Subpoenas attached as Exhibits B through J were sent to counsel for Defendants Inno Holdings and Wei via email.