United States District Court
Southern District of Texas

**ENTERED**

July 10, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KINGBIRD VENTURES, LLC,<br>*Plaintiff,* | § § § | |
| V. | § § | CIVIL ACTION NO. 4:26-CV-5000 |
| INNO HOLDINGS, INC., ET AL.,<br>*Defendants.* | § § § § | |

**MEMORANDUM AND RECOMMENDATION**

On June 25, 2026 at 3:53 p.m. the Court granted Plaintiff's Application for a TRO in this securities fraud case. ECF 6. The District Judge then referred the case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 7. By its own terms, the TRO expired at 3:53 p.m. on July 9, 2026. ECF 6 ¶10.

The following motions are currently before the Court: (1) Plaintiff's Motion for Preliminary Injunction and to Expedite Discovery (ECF 2); (2) Defendant's Emergency Motion to Modify Temporary Restraining Order (ECF 9); (3) Plaintiff's Motion for Entry of Protective Order (ECF 20); (4) Plaintiff's Emergency Motion and Amended Emergency Motion to Extend TRO (ECF 24; ECF 25); (5) Defendant's Motion to Vacate TRO (ECF 26); (6) Defendant's Emergency Motion to Reconsider the Court's discovery order at ECF 23 (ECF 27); and (7) Plaintiff's

Emergency Motion for Leave to Serve Third-Party Subpoenas (ECF 28).   The Court will address the non-dispositive and discovery motions (ECF 20; ECF 27; ECF 28) in separate orders.

At this time there is no TRO in place.  Therefore, the Court RECOMMENDS that Defendant's Emergency Motion to Modify Temporary Restraining Order (ECF 9); Plaintiff's Emergency Motion and Amended Emergency Motion to Extend TRO (ECF 24; ECF 25) and Defendant's Motion to Vacate TRO (ECF 26) be DENIED AS MOOT.  Plaintiff's Application for a Preliminary Injunction (ECF 2) remains pending.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 10, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

2