**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KINGBIRD VENTURES LLC,<br>*Plaintiff*, | § | CASE NO. 4:26-cv-05000 |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| INNO HOLDINGS INC., et al, | § | |
| *Defendants.* | § | |

**SUPPLEMENT TO PLAINTIFF'S EMERGENCY MOTION TO SHORTEN TIME FOR DEFENDANT INNO HOLDINGS INC. TO RESPOND TO PLAINTIFF'S FIRST DISCOVERY REQUESTS, DKT. 21, AND EMERGENCY MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS, DKT. 28**

Plaintiff Kingbird Ventures LLC ("Kingbird" or "Plaintiff") files this Notice of Supplement to Plaintiff's Emergency Motion to Shorten Time for Defendant Inno Holdings Inc. ("Inno Holdings") to Respond to Plaintiff's First Discovery Request ("Motion for Expedited Discovery from Inno Holdings"), Dkt. 21, and Emergency Motion for Leave to Serve Third-Party Subpoenas ("Motion for Leave to Serve Third-Party Subpoenas), Dkt. 28.

## I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This action arises from a coordinated securities fraud and market manipulation scheme involving the securities Inno Holdings Inc. (Nasdaq: INHD) that has caused Plaintiff, and others, severe, immediate, and ongoing irreparable harm at rates as high as approximately 600% per annum. On June 24, 2026, Plaintiff filed a 5-count Complaint and an Emergency Ex Parte Application for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery. (Dkt. 1, 2). On June 25, 2026, Senior U.S. District Court Judge Lake entered an order Granting the TRO and referred Plaintiff's Application for a Preliminary Injunction and Expedited Discovery to

1

Magistrate Judge Bryan. (Dkt. 6 at ¶ 7).[1] The TRO expired on July 9, 2026, although there was a pending Motion to Extend by 14 days pursuant to Fed. R. Civ. P. 65(b)(2). (Dkts. 2 & 24). A Memorandum and Recommendation was entered on July 10, 2026, recommending that Defendants' Emergency Motion to Modify TRO, Dkt. 9, Plaintiff's Emergency Motion and Amended Emergency Motin to Extend TRO, Dkt. 25, and Defendant's Motion to Vacate the TRO, Dkt. 26, be denied as moot because the TRO expired on July 9, 2026. (Dkt. 42).

The Memorandum and Recommendation noted that Plaintiff's Application for a Preliminary Injunction remains pending. (*Id.*). Further, the Memorandum and Recommendation indicated that it would address the non-dispositive and discovery motions, Dkts. 20, 27, & 28, in a separate order.

On July 2, 2026, Plaintiff filed the Motion for Expedited Discovery from Inno Holdings, Dkt. 21, and on July 6, 2026, Plaintiff filed Motion for Leave to Serve Third-Party Subpoenas, Dkt. 28.

Regarding the Motion for Expedited Discovery from Inno Holdings that was granted by the Court on July 2, 2026, Dkt. 23, on July 6, 2026, Defendant filed a Motion for Reconsideration, Dkt. 27. On July 7, 2026, Plaintiff filed a Response in Opposition, Dkt. 29, and on July 9, 2026, a Notice of Supplemental Authority, Dkt. 38. The Motion for Reconsideration is pending before the Court.

Regarding the Motion for Leave to Serve Third Party Subpoenas, Dkt. 28, Defendants filed a Response in Opposition, Dkt. 41, and Plaintiff filed a Reply in Support of the Motion for Leave to Serve Third Party Subpoenas, Dkt. 48.

---

[1] On June 29, 2026, Defendants Inno Holdings and Ding Wei, filed an Emergency Motion to Modify the TRO, Plaintiff filed a Response, and Defendants filed a Reply. (Dkts. 9, 10, & 13). A hearing was held on July 7, 2026, on Defendant's motion. (Dkt. 12).

## II.    STATEMENT OF FACTS

Plaintiff incorporates by reference the Statement of Facts stated in its Emergency Motion for Leave to Serve Third-Party Subpoenas as if fully set forth herein. (Dkt. 28).

## III.    STATEMENT OF THE ISSUES

Plaintiff has a pending Motion for Preliminary Injunction, Dkt. 2, that is under consideration by this Court. (Dkt. 6; Dkt. 42 at pg. 2). Through the Court's case manager, Plaintiff is requesting that a hearing be scheduled on Plaintiff's Motion for Preliminary Injunction.

Citing the Private Securities Litigation Reform Act of 1995's ("PSLRA") stay provision "during the pendency of any motion to dismiss," Defendants object to Plaintiff's Motion for Expedited Discovery from Inno Holdings[2] claiming that Defendants intend to file a Motion to Dismiss. Citing the lack of a Rule 26(f) conference between the Parties and the PSLRA, Defendants object to Plaintiff's Motion for Leave to Obtain Third Party Subpoenas.

Based upon recent communications between the Parties, Plaintiff files this supplement and submits that there is an additional basis for the Court to permit the limited discovery from Inno Holdings, beyond the basis previously argued by Plaintiff—no pending motion to dismiss and "undue prejudice." That is, Plaintiff has concerns that Inno Holdings, a company based in Hong Kong whose Chief Executive claims this Court does not have personal jurisdiction over him, Dkt. 26 at pg. 1, 13, and 21, is not inclined to preserve discovery and evidence needed in this case.

That is, on July 14, 2026, Plaintiff sent Defendants a request for preservation, attached hereto as Exhibit A. This was served upon Defendants because the TRO, which included a preservation provision, had expired. Defendants responded by stating,

---

[2]  The limited discovery requested concerned the T12 Halt which has now been ongoing for 42 days. (Dkt. 28). Notably, other than one, every other T12 halt entered since June 8, 2026 has been resolved and that one remaining halt was due to US market manipulation by an Asian based entity. At this point, it seems obvious, INHD is and was a sham and is harming the American investing public.

[W]e are in receipt of your July 14 letter, which seeks to improperly dictate the scope of the Inno Holdings Defendants' preservation obligations and the manner of their compliance with those obligations. As we've already represented, the Inno Holdings Defendants are aware of and complying with their document preservation obligations under the Federal Rules.

Further, on July 14, 2026, Plaintiff requested a Rule 26(f) conference and provided possible dates to Defendants. Beyond an issue concerning the dates offered by Plaintiff,[3] Defendants responded and essentially indicated they have no intention of meeting for a Rule 26(f) conference until a decision is entered on the yet to be filed motion to dismiss.  That is, Defendants stated,

Further, as we've told you and the Court, it is the Inno Holdings Defendants' position that the case is subject to the PSLRA's automatic discovery stay and that no discovery is proper until the Court denies a motion to dismiss. That issue remains under consideration by the Court. Given the PSLRA's discovery stay, it is our typical experience in Exchange Act cases that the parties do not do Rule 26(f) conferences unless and until the Court denies the motion to dismiss. Accordingly, we think a Rule 26(f) conference is premature.

## IV.    CONCLUSION

At this time, Plaintiff files this Supplement to its previously filed motions and submits that Plaintiff's previously requested limited discovery from Inno Holdings and third-party subpoenas should be permitted.

Dated this 20th day of July 2026.

**DYKEMA GOSSETT PLLC**

*/s/ Tiffany H. Eggers*
TIFFANY H. EGGERS
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Attorney in Charge for Plaintiff
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: (214) 462-6400/ F: (214) 462-6401
TEggers@dykema.com

---

[3] Defense counsel was unavailable on the dates offered by Plaintiff. Nonetheless, in light of the response, which is included below, Plaintiff did not work to provide additional dates.

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, a true and correct copy of the foregoing document was transmitted via the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Tiffany H. Eggers
TIFFANY H. EGGERS